# WATTS | GUERRA | CRAFT

MIKAL C. WATTS
Attorney at Law
mcwatts@wgclawfirm.com

*Board Certified Personal Injury Trial Law*
*Texas Board of Legal Specialization*

Four Dominion Drive
Building Three, Suite 100
San Antonio, Texas 78257
210.447.0500 PHONE
210.447.0501 FAX
www.wgclawfirm.com

May 10, 2012

Hon. Andrew S. Hanen
United States District Clerk's Office
United States Courthouse
600 East Harrison St., #101
Brownsville, TX 78520



United States District Court
Southern District of Texas
FILED

MAY 1 4 2012

David J. Bradley, Clerk of Court

Re:  *Cause No. 1:08-CV-446; United States of America, ex rel. Michael N. Swetnam, Jr. v. Valley Baptist Health System and Valley Baptist Medical Center; In the United States District Court for the Southern District of Texas, Brownsville Division.*

Dear Judge Hanen,

At the conclusion of last week's hearing on Defendants' Motions for Summary Judgment, you asked the parties to submit a short letter brief regarding the amendments to the False Claim Act ("FCA"), as set forth in the Fraud Enforcement Recovery Act of 2009 ("FERA"), and whether any of the amendments retroactively apply to this case. In this regard, the Court inquired as to the new language in § 3729(a)(2) of the FCA—now re-codified as § 3729(a)(1)(B)—and the enactment language contained in section 4(f)(1) of FERA, which states that the changes to former § 3729(a)(2) "shall take effect as if enacted on June 7, 2008, and apply to all *claims* under the False Claims Act that are pending on or after that date."

The key issue here is whether the term "claims" as set forth in the enactment language means a request or demand for money or property, or if it means cases or causes of action. If Congress intended "claims" to mean cases or causes of action, then the amendment to former § 3729(a)(2) would apply to this case because Plaintiff filed his Complaint on October 9, 2008. As set forth below, however, based on Plaintiff's research, virtually every court that has addressed this issue—including those in the Southern District of Texas—have held that the term "claims" in the enactment language of FERA means a request or demand for money or property. Accordingly, the amended language of former § 3729(a)(2) does not apply to this case. Below is a summary of Plaintiff's research on the issue.

Congress enacted FERA on May 20, 2009, which amended certain provisions of the FCA. Specifically, FERA changed the language of former § 3729(a)(2), making a person liable under the FCA if he "knowingly makes, uses or cause to be made or used, a false record or statement material to a false or fraudulent claim." 31 U.S.C. § 3729(a)(1)(B). As previously explained, FERA included specific enactment language for § 3729(a)(1)(B), stating that it "shall take effect as if enacted on June 7, 2008 and apply to

# WATTS | GUERRA | CRAFT

May 10, 2012
Page 2

all *claims* under the False Claims Act that are pending on or after that date." Pub. L. No. 111-21, 123 Stat. at 1625 (section 4(f)(1)). Shortly after FERA's enactment, courts and litigants alike began questioning what Congress meant by the term "claims" so as to determine whether FERA's amendments applied to their particular case. Specifically, did Congress intend "claims" to mean cases or causes of action pending on or after June 7, 2008?

The first court to address the issue appears to be the District Court for the District of Columbia in the case of *United States v. Science Apps. Int'l Corp.*, 653 F. Supp. 2d 87 (D.D.C. 2009). In *Science*, the government argued that section 4(f)(1) applied to all *cases* pending on or before June 7, 2008. *Id.* at 106. In opposition, the defendant argued that the word "claims" implicated the FCA's definition of "claim," and therefore did not mean cases or causes of action. *Id.* at 106 – 07. The court began by looking at the definition of claim as set forth in the FCA—"a request or demand . . . for money or property." *Id.* at 107 (quoting 31 U.S.C. § 3729(c)). Citing the long-standing proposition that "statutory definitions control the meaning of statutory words," the Court found that the term "claim" in section 4(f)(1) of FERA meant a request or demand for money or property, as defined by the FCA, and not cases of causes of action. *Id.* The court further noted that the legislative history also supported this conclusion, citing the Senate Report's explanation of FERA's amendments wherein it referred to "claims" as a defendant's request for payment and "cases" when discussing civil actions for FCA violations. *Id.* (citing S. Rep. No. 110-10 (2009). Finally, the court explained that the full text of section 4(f) "supports the conclusion that Congress did not intend "claims" in subsection 4(f)(1) to mean "cases." *Science Apps. Int'l Corp.*, 653 F. Supp. 2d at 107. As the court explained,

> Subsection 4(f)(2), immediately after the provision at issue, reads 'section 3731(b) of title 31, as amended . . . shall apply to *cases* pending on the date of enactment.' 123 Stat. at 1625. Surely, had Congress intended the retroactivity of section 4(f)(1) to measured by 'cases,' it would have said so as it did in subsection 4(f)(2).

*Id.*

Since *Science*, virtually every court that has addressed the issue (indeed all the cases Plaintiff could find) has held that "claims" in section 4(f)(1) of FERA means a request or demand for money or property as defined under the FCA, and not cases or causes of action. *See, e.g. Hopper v. Solvay Pharms., Inc.*, 588 F.3d 1318, 1327 n. 3 (11th Cir. 2009); *United States ex rel. Gonzalez v. Fresenius Med. Care North Am.*, 748 F. Supp. 2d 95, 107 – 108 (W.D. Tex. 2010); *United States ex rel. Compton v. Circle B Enters., Inc.*, No. 7:07-CV-32, 2010 WL 942293, at *2 n. 5 (M.D. Ga. Mar. 11, 2010); *United States ex rel. Putnam v. E. Idaho Reg'l Med. Ctr.*, No. 4:07-192, 2010 WL 910751, at *4 (D. Idaho Mar. 10, 2010); *Mason v. Medline Indus., Inc.*, No. 07-C-5615, 2010 WL 653542, at *3 (N.D. Ill. Feb. 18, 2010); *United States ex rel. Sanders v. Allison Engine Co.*, 667 F. Supp. 2d 747, 752 (S.D. Ohio 2009). Most importantly, courts in this district have reached the same conclusion. *See United States ex rel. Bennett v. Boston Scientific Corp.*, No. H-07-2467, 2011 WL 1231577, at

# WATTS | GUERRA | CRAFT

*10 – 11 (S.D. Tex. Mar. 31, 2011); *United States ex rel. Bennett v. Medtronic, Inc.*, 747 F. Supp. 2d 745, 762 – 64 (S.D. Tex. 2010). Based on the foregoing precedent, Plaintiff is confident that the term "claims" in section 4(f)(1) of FERA does not means cases or causes of action. As such, the amended language in former § 3729(a)(2) does not apply to this case.

Should you have any questions or require any further briefing on this or any other issue in the case, Plaintiff is at the Court's disposal. Thank you for the opportunity to clarify this point of law.

Sincerely,

Mikal C. Watts
Watts Guerra Craft LLP