

ATTORNEYS AT LAW

United States District Court
Southern District of Texas
FILED

MAY 1 4 2012

David J. Bradley, Clerk of Court

PRACTICE WITH PURPOSE

May 11, 2012

The Honorable Andrew S. Hanen  　　　　　　　　*Via Electronic Mail: Cristina_Sustaeta@txs.uscourts.gov*
United States District Judge
United States Courthouse
600 East Harrison St., #301
Brownsville, TX 78520

Re:　　U. S. e rel. Michael N. Swetnam, Jr., v. Valley Baptist Health System and Valley Baptist Medical Center,
　　　　No. 8-08-446

Dear Judge Hanen:

At the argument on the Defendant's motion for summary judgment held on May 3, 2012, you requested that counsel for the parties supply you with a letter brief on the question of whether the 2009 amendments to the False Claims Act are retroactive with respect to cases or claims. As we argued in our Motion for Summary Judgment Regarding the False Claims Act and Brief In Support (Doc. 38), the Supreme Court held in *Allison Engine Co., Inc. v. United States ex rel. Sanders*, 553 U.S. 662 (2008) that, in order to prevail on a claim based on 31 U.S.C. 3729(a)(2), the government or relator must show that there was the false statement that was made "to get" payment or approval from the government. In other words, the relator must show that the statement was made by the defendant as a condition to payment, and the payment must come directly from the government, not from an intermediary, even if the intermediary is using Government funds to pay. In the Fraud Enforcement and Recovery Act of 2009 (FERA), Pub. L. No. 111-21, Congress overruled *Allison Engine*, and provided that the amendment "shall take effect as if enacted on June 7, 2008, and apply to all claims under the False Claims Act that are pending on or after that date." Pub. L. No. 111-21, 123 Stat. 1625, §4(f)(1). The question you posed to counsel is: does "claims" refer to a case pending under the False Claims Act, or does "claims" refer to the underlying claims that were presented to the Government? The cases deciding the question are split, but the clear majority that have decided the precise issue have held "claims" refer to the underlying claims that were presented to the Government.

In cases where the issue was squarely presented, the clear majority (and apparently all of the more recent decisions) have held that based on the plain language of §4(f)(1) of FERA, "claims" means "claims" and does not mean "cases." For example, in *United States v. Science Applications International Corp.*, 653 F. Supp. 2d 87 (D.D.C. 2009), the court noted that a "claim" is well defined in the FCA as a "request or demand . . . for money or property." 653 F. Supp. 2d at 107.  The court stated that if Congress had intended section 4(f)(1) of FERA to apply to cases instead of claims, "it would have said so as it did in subsection (4)(f)(2)." *Id.* Thus, the FERA amendment had no impact on that case, because although the case was pending before June 7, 2008, the claims were not.[1] On remand from the Supreme Court, the district court in *Allison Engine* reached the same result. Like the court in *Science Applications*, the district court in *Allison Engine* stated that "claim" was defined in the FCA but neither the FCA nor FERA defined "case;" therefore, the "plain reading of the retroactivity language reveals that the relevant change is applicable to 'claims' and not 'cases.'" *United States ex rel. Sanders v. Allison Engine*, 667 F.Supp.2d 747, 752 (S.D. Ohio 2009). In the first decision by a court of appeals on the issue, the Eleventh Circuit agreed with the district courts in *Science Applications* and *Allison Engine* that the retroactivity language of FERA

---

[1] On appeal, the decision was vacated and remanded, but the court of appeals did not reach the issue of how to interpret the retroactivity language in the FERA amendment. *U. S. v. Science Applications Intern. Corp.*, 626 F.3d 1257,1266 (D.C. Cir. 2010).

www.boyarmiller.com
4265 San Felipe, Suite 1200  Houston, TX 77027
TEL 713-850-7766  FAX 713-552-1758

CHANSLIK\002817\000091\821412.2

The Honorable Andrew S. Hanen
May 11, 2012
Page 2 of 4



applies to "claims" that were pending on or before June 7, 2008 and not "cases" that were pending on or before that date. *Hopper v. Solvay Pharmaceuticals, Inc.*, 588 F.3d 1318 (11th Cir. 2009). Other cases holding that "claims" means "claims" include: *U.S. v. Hawley*, 812 F.Supp.2d 949, 958 (N.D. Iowa 2011); *U.S. ex rel. Nowak v. Medtronic, Inc.* 806 F.Supp.2d 310, 315 (D. Mass 2011); *U.S. ex rel. Bennett v. Medtronic, Inc.*, 747 F.Supp.2d 745, 763 (S.D. Tex. 2010) (Rosenthal, J.); *U. S. ex rel. Bender v. North Am. Telecomm., Inc.*, 686 F.Supp.2d 46, 49 n. 4 (D.D.C. 2010); *U.S. ex rel. Westrick v. Second Chance Body Armor, Inc.*, 709 F.Supp.2d 52, 55 (D.D.C. 2010);[2] *U.S. ex rel. Carpenter v. Abbott Laboratories, Inc.*, 723 F.Supp.2d 395 (D. Mass. 2010); *U.S. Dept. of Transp. ex rel. Arnold v. CMC Engineering*, 745 F.Supp.2d 637, 646 n.7 (W.D. Pa. 2010); *U.S. ex rel. Burroughs v. Cent. Ark. Dev. Council*, 2010 WL 1542532, at *2-3 (E.D. Ark. 2010); *U.S. ex rel. Gonzalez v. Fresenius Med. Care N. Am.*, 2010 WL 1645971, at *9 (W.D. Tex. 2010); *U.S. v. Albinson*, 2010 WL 3258266, at *9 (D. N.J. 2010); *U.S. v. Chubb Inst.*, 2010 WL 1076228, at *4 n. 10 (D. N.J. 2010); *U.S. ex rel. Baker v. Cmty. Health Sys., Inc.*, 709 F.Supp.2d 1084, 1107-08, 2010 WL 1740624, at *16-17 (D. N.M. 2010); *U.S. ex rel. Putnam v. E. Idaho Reg'l Med. Ctr.*, 696 F.Supp.2d 1190, 1196 (D. Idaho 2010); *Mason v. Medline Indus., Inc.*, 731 F.Supp.2d 730, 734-35 (N.D. Ill. 2010); *U.S. ex rel. Parato v. Unadilla Health Care Ctr., Inc.*, 2010 WL 146877, at *4 n. 4 (M.D. Ga. 2010); *See also U.S. ex rel. Duxbury v. Ortho Biotech Prods., L.P.*, 579 F.3d 13, 30 (1st Cir. 2009) (applying the *Allison Engine* intent requirement post-FERA to claims for reimbursement filed in 1992-1998).

We also want to acknowledge, however, that the Fifth Circuit held in *U.S. ex rel. Steury v. Cardinal Health, Inc.*, 625 F.3d 262 (5th Cir. 2010) that the relator's complaint was pending on June 7, 2008 and therefore the FERA amendments applied to the case before it. However, the court did not address whether the underlying claims were also pending on June 7, 2008 and the parties did not appear to argue the point.[3] Therefore, we believe a fair reading of the *Cardinal Health* case is that the court held only that the FERA amendments applied to that case, and not that the court decided the issue as to whether "claims" in §4(f)(1) of FERA refers to cases and not underlying claims.

In a 2011 decision, Judge Rosenthal held that, because "claim" is a defined term in the FCA, the reference to "claims" in §4(f)(1) of FERA must be read in accordance with that definition, and therefore the post-FERA version of 31 U.S.C. § 3729(a)(2) applies only if the false claims (not the case) alleged by the relator were pending on or after June 7, 2008. *U.S. ex rel. Bennett v. Boston Scientific Corp.*, 2011 WL 1231577, *11 (S.D. Tex. 2011) (citing *United States ex rel. Gonzalez v. Fresenius Med. Care N. Am.*, 2010 WL 1645971, at *9 (W.D. Tex. 2010) (reaching the same conclusion)). Further, Judge Rosenthal was aware of *Cardinal Health* because she cited it in another context. 2011 WL 1231577 at *13.

It must also be noted that in a Northern District of Illinois case the precise issue was raised, and there the relator attempted to argue that the Seventh Circuit had already decided the issue because, like in *Cardinal Health*, the Seventh Circuit found that the FERA amendments applied to the case before it because the case was pending on June 7, 2008; however, the district court ruled that the Seventh Circuit did not establish binding precedent "on this question," and agreed with the defendant that, based on the plain language of §4(f)(1) of FERA, "claims" means "claims" and does not mean "cases." *U.S. ex rel. Hudalla v. Walsh Const. Co.*, 2011 WL 6028315, * 8 ( N.D. Ill. 2011). However, in *U.S. ex rel. Davis v. Lockheed Martin Corp.*, 2010 WL 4607411 (N.D.Tex. 2010), the precise

---

[2] The court reversed itself on its earlier holding that § 4(f)(1) of FERA applies to cases. *See U. S. ex rel. Westrick v. Second Chance Body Armor, Inc.*, 685 F.Supp.2d 129, 140 (D.D.C. 2010).
[3] The relator's reply brief was filed on May 25, 2010, five days after FERA was enacted, and does not refer at all to the FERA amendments. The parties' pending briefs were filed prior to the enactment of FERA.

PRACTICE WITH PURPOSE

The Honorable Andrew S. Hanen
May 11, 2012
Page 3 of 4



issue was raised and the court sided with the relator, on the basis of *Cardinal Health* (without addressing whether it believed the Fifth Circuit reached the precise issue).[4]

Interestingly, the cases in the minority are generally devoid of any analysis. *See, e.g., U.S. ex rel. Walner v. NorthShore University Healthsystem*, 660 F.Supp.2d 891, 893 n.3. (N.D. Ill. 2009) ("because Walner's claim was pending on June 7, 2008, the Court will apply the new version of § 3729(a)(1)(B) for Count III"); *U.S. ex rel. Stephens v. Tissue Science Laboratories, Inc.* 664 F.Supp.2d 1310, 1316 n.2  (N.D. Ga. 2009) ("[b]ecause this action was pending on June 7, 2008, the amended § 3729(a)(1)(B) applies to this action"). In *U. S. ex rel. Kirk v. Schindler Elevator Corp.*, 601 F.3d 94 (2d Cir. 2010), the Second Circuit ruled, again without analysis, that "claims" referred to "cases." In *U.S. ex rel. Drake v. NSI, Inc*, 736 F.Supp.2d 489, 497-98 (D. Conn. 2010), the district court noted that there was no "significant discussion" by the Second Circuit in *Schindler Elevator*, but stated that it was bound to follow it (and offered no analysis of its own).  This lack of analysis has been noted by at least one court.  *See U.S. ex rel. Carpenter v. Abbott Laboratories, Inc.*, 723 F.Supp.2d at 402, n. 15 (finding that while other courts in this district have described a "split" on this issue . . . , the cases which have held the opposite (that "claims" means FCA lawsuits) contain no analysis that refutes the well-reasoned views of the majority).

Defendants submit that the better reasoned decisions, and therefore the ones this Court should follow, are the majority, which have held that "claims" means "claims."  Defendants also understand that Plaintiff agrees with this position.  Further, the Fifth Circuit in *Cardinal Health* did not issue binding precedent on the precise issue, as Judge Rosenthal implicitly recognized.  Moreover, by not applying the FERA amendment to the instant case, this Court would avoid constitutional issues.[5]  On remand, the district court in *Allison Engine* stated that "retroactive application of the amendments to the FCA violates the Ex Post Facto Clause because retroactive application of the amendments to the FCA would impose punishment for acts that were not punishable prior to enactment of the amendments." 667 F.Supp.2d at 756.  *See also U.S. v. Hawley,* 812 F.Supp.2d 949, 961-62 (N.D. Iowa 2011) ( FCA's statutory scheme is so punitive either in purpose or effect as to negate Congressional intent to deem it civil, and  as a result, retroactive application of the FERA amendments violates the Ex Post Facto Clause).

In *United States v. Aguillon*, 628 F. Supp. 2d 542 (D. Del. 2009), the court noted that the Supreme Court has developed a two-step analysis to determine if new federal statutes can be applied to conduct that occurred prior to enactment of the new statute (*citing Landgraf v. USI Film Products*, 511 U.S. 244 (1994)). According to the *Aguillon* court, a court first must determine if Congress has unambiguously restricted the statute to prospective application, and second, must determine if retrospective application of the statute would create "retroactive effects," and, if so, whether these effects are permissible pursuant to a congressional directive.  The *Aguillon* court concluded that retrospective application of the FERA amendments would cause 'retroactive effects' by increasing the defendant's liability for past conduct and concluded that "Congress has not provided the requisite instruction necessary for the amendments to be used to cause retroactive effects." 628 F. Supp. 2d at 550-51.

---

[4] In two other Texas district court cases decided after *Cardinal Health*, the courts found that the FERA amendments applied to the case before it, but again there was no discussion as to whether the underlying claims were also pending on June 7, 2008 or whether "claims" in §4(f)(1) of FERA refers to cases or the  underlying claims. *U.S. ex rel. Colquitt v. Abbott Laboratories*, 2012 WL 1081453 (N.D. Tex. 2012);  *U.S. ex rel. Wall v. Vista Hospice Care, Inc*., 778 F.Supp.2d 709, 713 n.4  (N.D. Tex. 2011).

[5] Just as the Fifth Circuit did not address the precise legal issue in *Cardinal Health*, it also did not consider in *Cardinal Health* (and, apparently, has not considered in any other case) whether retroactive application of the FERA amendment would be unconstitutional.

The Honorable Andrew S. Hanen
May 11, 2012
Page 4 of 4



Finally, in a predecessor case involving the retroactive application of the 1986 Amendments to the False Claims Act, Justice Thomas, delivering a unanimous opinion, wrote: "We have frequently noted, and just recently reaffirmed, that there is a 'presumption against retroactive legislation [that] is deeply rooted in our jurisprudence.'" *Hughes Aircraft Co. v. U.S. ex rel. Schumer*, 520 U.S. 939, 946 (1997) (quoting *Landgraf v. USI Film Products*, 511 U.S. 244, 265 (1994)). Thus, courts should "apply this time-honored presumption unless Congress has clearly manifested its intent to the contrary." *Id.* At a minimum, Congress has not clearly manifested an intent that "claims" should refer to a case pending under the False Claims Act.

We apologize for exceeding the suggested two page limitation, but felt the additional briefing was warranted in light of the circumstances.

Sincerely,

Chris Hanslik
Federal Id. No. 19249
State Bar No, 00793895
4265 San Felipe Road, Suite 1200
Houston, Texas 71027
(713) 850-7766 (telephone)
(713) 552-1758 (facsimile)
Email: chanslik@boyarmiller.com

*Attorney-In-Charge for Defendants Valley Baptist Health System and Valley Baptist Medical Center*

| cc: | Mikal Watts | **Via Electronic Mail** |
|---|---|---|
| | Trey Martinez | **Via Electronic Mail** |
| | Don Romano | **Via Electronic Mail** |
| | Manny Vela | **Via Electronic Mail** |

PRACTICE WITH PURPOSE

CHANSLIK\002817\00091\821412.2