IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
ENTERED

AUG 0 6 2012

David J. Bradley, Clerk of Court

| | | |
|---|---|---|
| UNITED STATES OF AMERICA,<br>EX REL. MICHAEL N. SWETNAM, JR.,<br><br>Plaintiff,<br><br>v.<br><br>VALLEY BAPTIST HEALTH<br>SYSTEM AND VALLEY<br>BAPTIST MEDICAL CENTER<br><br>Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | Civil Action No. B-08-446 |

## ORDER

Pending before this Court is Defendants' Objections to Relator's Summary Judgment Evidence (Doc. No. 45). The majority of the objections were related to Relator's declaration. The Court allowed Relator to supplement his initial declaration before ruling on Defendants' objections (Doc. No. 53). Defendants then filed objections to the supplemental declaration (Doc. No. 55). After reviewing Defendants' objections, Relator's evidence, and the relevant law, the Defendants' objections are hereby **SUSTAINED in part and OVERRULED in part.**

### A. Objections to Supplemental Declaration of Michael N. Swetnam

First, Defendants have multiple objections to Relator's declaration. The Court will take each objection in turn as it was raised, beginning with their objection to statements made within paragraph two. Defendants object to the specific language in Paragraph 2 stating:

1

> Never did anyone tell me that the self-insurance trust fund was a separate corporation or separate legal entity. As such, it was my understanding that the self-insurance trust fund was not a separate legal entity . . . The self-insurance trust fund was more of a checking account than a corporation.

Defendants assert that these statements are improper and unfounded legal conclusions and conclusory statements with no factual support. This Court **SUSTAINS** the objection with regard to the second and third sentence but **OVERRULES** the objection with regard to the first sentence.

Defendants next object to a statement made in Paragraph 5, which reads "The XOL [excess of loss] Program and the self-insurance trust were at all times arms, agents, tools, and extensions of the Defendants, as opposed to separate entities . . . ." The objection is based on the same grounds as in paragraph two, as well as for lack of proper predicate. The Court **SUSTAINS** the objection.

Defendants also object to the entirety of Paragraphs 6 and 7, claiming that Relator does not lay the proper predicate to support the statements therein. The Court **OVERRULES** these objections.

Defendants object to statements made in Paragraph 10 on the grounds that the statements "grossly mischaracterize" Ward Cook's testimony. Mr. Cook initially testified that the XOL Program was Swetnam's "brainchild," as far as he knew (Doc. No. 44-2 at 40). Later, on re-cross examination, when questioned about his earlier response he stated:

> I'm still thinking about that. The - - the idea to figure out a way to help these physicians carry insurance, the first that the subject was ever brought up, I believe was by Mr. McKibbens, who was CEO at the time . . . And I believe he asked Mike and Dave to try to come up with a plan that would keep these doctors insured at a lower level and, you know, a plan to help the doctors purchase insurance.

(Doc. No. 44-2 at 42–43).  The Court **OVERRULES** this objection; however, the Court adds that it can evaluate the testimony of other witnesses, including Mr. Cook, without Relator's analysis.

Defendants object to the statement "As explained in Paragraph 2 above, a separate legal entity was not created" in Paragraph 12 on the grounds it is an improper and unfounded legal conclusion. The Court **SUSTAINS** this objection.

Defendants object to the statement "...as explained in Paragraph 2 above, the Trust Fund was VBMC itself" in Paragraph 15 on the grounds it is an improper legal conclusion and an unfounded factual conclusory statement. The Court **SUSTAINS** this objection.

Defendants object to the statement "The fund was always viewed as an investment checking account that was managed by Gary Munster" in Paragraph 17 on the grounds that Relator has not laid the proper predicate. The Court **SUSTAINS** this objection.

Defendants object to Paragraph 18 in its entirety on the grounds that Relator has not laid the proper predicate to support the statements therein. The Court **OVERRULES** this objection. Defendants further object to the specific statement made in Paragraph 18 stating "The trust fund was merely an account of the Defendants, not an entity of its own" on the grounds it is an improper and unfounded legal conclusion and a conclusory statement with no factual support. With regard to this specific statement in Paragraph 18, the Court **SUSTAINS** the objection.

Defendants object to Paragraph 22 in its entirety both on the grounds of hearsay and lack of proper predicate. The Court **SUSTAINS** the objection for every statement

3

except the statement contained within the last sentence of the paragraph. The Court **OVERRULES** the objection with regard to the last sentence of Paragraph 22.

Defendants object to Paragraph 26 in its entirety on the grounds that it does not lay the proper predicate to support the statements. Defendants claim that the Original Swetnam Declaration contradicts the Amended Declaration here evincing a lack of veracity as well as personal knowledge on Relator's part. The Court **OVERRULES** this objection, but Defendants are free to explore what they consider to be inconsistencies between Swetnam's original and amended declarations.

Defendants object to the statement "In 1998, the law firm of Fulbright & Jaworski issued a letter … to Defendants indicating that the XOL Program violated certain incentives and kickbacks to physicians…" in Paragraph 33 on hearsay grounds. The Court **OVERRULES** this objection to the extent that it is not being used to prove the truth of the matter asserted.

Defendants object to statements in Paragraph 35 that refer to a letter written by Mr. Swetnam on the grounds of hearsay. However, Relator does not describe the contents of his letter. This being the case, the statements are not hearsay as defined by Federal Rules of Evidence Rule 801. Consequently, this objection is **OVERRULED**.

Defendants object to multiple statements in Paragraph 36 on the grounds of hearsay. Specifically, the statements read:

> In response to the Fulbright Letter's suggestion that the XOL Plan be dismantled, David Smith argued…
>
> …However, at the end of the call, the attorneys for Fulbright Jaworski stated that they were unconvinced and continued to suggest dismantling the XOL Program…

> From that point forward, I continuously referred to the Fulbright Letter and the confirming telephone call as a reason for the Defendants to at least get another opinion regarding the XOL Program...

The Court **OVERRULES** these objections to the extent that the statements are not being used to prove the truth of the matters asserted.

Defendants additionally object to statements made in Paragraph 37 on the grounds of hearsay. The specific statements Defendants object to read:

> ...After the Fulbright Letter and confirming conference call, from 1999 to 2001, in each of the annual insurance presentations...I always included a disclaimer/warning about the Fulbright letter and I repeated my belief that the Defendants should seek another legal review of the XOL Program to confirm whether it should be continued or dismantled.

> ...[I] continued to assert my concerns as contained in the Fulbright Letter...

The Court does not find any statements implicating hearsay or violating the hearsay rules, therefore, it **OVERRULES** the Defendants' objection. Defendants further object to Relator's reference to "annual insurance presentations to the Defendants' Board of Directors" and the contents of those presentations on the grounds of hearsay. The Court **OVERRULES** that objection. Defendants further object to the following statement:

> These annual insurance presentations were always reviewed by Ben McKibbens and presented by David Smith prior to going to the Board of Directors. I placed the disclaimer/warning in each annual insurance presentation because I remained concerned after receiving the Fulbright Letter and participating in the confirming conference call.

Defendants object to this statement on the grounds that it is speculation and that he lacks the requisite personal knowledge. The speculation objection is **SUSTAINED** in so far as the events described took place in meetings that Swetnam did not attend.

Defendants object to the following statement in Paragraph 38:

> I advised Billy Joe Simpson that, based on the Fulbright Letter the program was illegal and needed to be dismantled. Likewise I told Ward Cook the same information. The Defendants continued the XOL Program despite the Fulbright warnings and my advice to, at a minimum, have another law firm look at the

XOL Program and current Stark Act/Anti-Kickback laws to confirm the XOL Program's conformance with regulations and legality.

The Court finds that these are not statements violating the hearsay rules, therefore, Defendants' objection is **OVERRULED.**

Defendants object to Paragraph 39 in its entirety on the grounds that it is replete with hearsay and it is speculative. The Court **SUSTAINS** the objection to the extent Swetnam is opining as to what others thought.

### B. Objection to Attachment to Supplemental Declaration

Defendants object to the attachment (Doc. No. 54-3) entitled Valley Baptist Health System Actuarial Analysis of Physicians Professional Liability Excess of Loss Self-Insurance Plan. The Court finds that the attachment is unauthenticated and is hearsay; therefore, it **SUSTAINS** the objection.

### C. Objections to Exhibits B and C of Relator's Responses to Motion for Summary Judgment

Defendants object to Exhibits B and C of Relator's Response to the Defendants' Motion for Summary Judgment Regarding the False Claims Act. They claim that both exhibits are not properly authenticated and are hearsay not falling into any hearsay exception.

Exhibit B is an article from the Journal of Nursing Administration. As such, it could be argued that it is self-authenticating under Federal Rules of Evidence 902(6). However, because the article is being used to prove the truth of the matter asserted it is hearsay and does not fall under any exception to the hearsay rule. Therefore Defendants' objection is **SUSTAINED.**

Exhibit C is an official publication of the United States Department of Health and Human Services ("DHHS"). As such, it is self-authenticating under Federal Rules of Evidence 902(5). Also, the exhibit is not hearsay because it is not being offered for the truth of the matter asserted. It is only being offered to show that a publication was made by DHHS regarding administration of Medicare and Medicaid. This being the case, the Defendants' objection is **OVERRULED.** Additionally, as is plain from the Court's opinion on the summary judgment issues, the Court did not rely on this publication in its ruling.

Signed this 6 day of August, 2012.

Andrew S. Hanen
United States District Judge