IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, EX REL. MICHAEL N. SWETNAM, JR., | § § § | |
| Relator, | § § | |
| v. | § § | CIVIL ACTION NO. B-08-446 |
| VALLEY BAPTIST HEALTH SYSTEM and VALLEY BAPTIST MEDICAL CENTER | § § § § § | |
| Defendants. | § | |

## DEFENDANTS' ANSWER TO RELATOR'S SECOND AMENDED COMPLAINT

Defendants, Valley Baptist Health System ("VBHS") and Valley Baptist Medical Center ("VBMC") (collectively, "Defendants"), file this Answer in response to the claims and causes of action asserted by Relator Michael N. Swetnam in his Second Amended Complaint ("Amended Complaint") and in opposition respectfully state the following:

### ANSWER

1.  With respect to the allegations in Paragraph 1 of the Amended Complaint, Defendants admit Relator brought this action pursuant to the False Claims Act, but deny that it has any merits.

2.  With respect to the allegations in Paragraph 2 of the Amended Complaint, Defendants admit venue is proper with this Court.

3.  Defendants lack knowledge or information sufficient to form a belief about the truth of Relator's allegations in Paragraph 3 of the Amended Complaint.

4.     Defendants admit the allegations in Paragraph 4 of the Amended Complaint.

5.     Defendants admit the allegations in Paragraph 5 of the Amended Complaint.

6.     Defendants admit the allegations about Valley Baptist Medical Center in Paragraph 6 of the Amended Complaint, but deny that Mr. Michel Perez is a counsel of record as he is no longer with BoyarMiller.

7.     With respect to the allegations in Paragraph 7 of the Amended Complaint, Defendants admit that Relator has included portions of the False Claims Act in its Amended Complaint, but Defendants lack knowledge or information sufficient to form a belief on what Relator considers pertinent with regards to his claims.

8.     Defendants lack knowledge or information sufficient to form a belief about the truth of Relator's allegations in Paragraph 8 of the Amended Complaint.

9.     With respect to the allegations in Paragraph 9 of the Amended Complaint, Defendants admit that Relator has quoted portions of the Anti-Kickback Statute in its Amended Complaint.   The remaining allegations in Paragraph 9 of the Amended Complaint are conclusions of law for which no response is required, but Defendants deny they have engaged in illegal conduct.

10.     With respect to the allegations in Paragraph 10 of the Amended Complaint, Defendants admit that Relator has included portions of the Anti-Kickback Statute in its Amended Complaint, but Defendants deny they have engaged in illegal conduct and deny any other allegations in Paragraph 10 of the Amended Complaint.

11.     Paragraph 11 of the Amended Complaint is a conclusion of law to which no response is necessary, but Defendants deny they have engaged in illegal conduct.

12.     Paragraph 12 of the Amended Complaint is a conclusion of law to which no response is necessary, but Defendants deny they have engaged in illegal conduct.

13.     Defendants admit the allegations in Paragraph 13 of the Amended Complaint.

14.     Defendants admit the allegations in Paragraph 14 of the Amended Complaint.

15.     Defendants deny all allegations in Paragraph 15 of the Amended Complaint.

16.     Defendants deny all allegations in Paragraph 16 of the Amended Complaint.

17.     Defendants admit that private insurance companies assist in the administration of the Medicare program, including processing and payment of claims.

18.     Defendants admit that hospitals submit claims to fiscal intermediaries for services performed on behalf of Medicare beneficiaries.  Defendants deny all other allegations in Paragraph 18 of the Amended Complaint.

19.     Defendants admit that hospitals generally submit yearly cost reports to fiscal intermediaries, but Defendants deny all other allegations in Paragraph 19 of the Amended Complaint.

20.     Defendants admit that hospitals generally submit yearly cost reports to fiscal intermediaries, but Defendants deny all other allegations in Paragraph 20 of the Amended Complaint.

21.     Defendants admit the allegations in Paragraph 21 of the Amended Complaint.

22.     Defendants lack knowledge or information sufficient to form a belief about the truth of Relator's allegations in Paragraph 22 of the Amended Complaint

23.     Defendants deny that Relator's interpretation of 42 C.F.R. § 413.64(f) is correct.  As such, Defendants deny all allegations in Paragraph 23 of the Amended Complaint.

24.     Defendants lack knowledge or information sufficient to form a belief about the truth of Relator's allegations in Paragraph 24 of the Amended Complaint.

25.     Defendants lack knowledge or information sufficient to form a belief about the truth of Relator's allegations in Paragraph 25 of the Amended Complaint.

26.     Defendants lack knowledge or information sufficient to form a belief about the truth of Relator's allegations in Paragraph 26 of the Amended Complaint.

27.     Defendants lack knowledge or information sufficient to form a belief about the truth of Relator's allegations in Paragraph 27 of the Amended Complaint.

28.     Defendants admit that Relator quoted language from 42 U.S.C. § 1320a-7b(a)(3).

29.     Defendants admit that cost reports were submitted for every year during which the XOL Program was in place.  Defendants lack knowledge or information

sufficient to form a belief about the truth of Relator's allegations regarding every individual identified in Paragraph 29 of the Amended Complaint or whether every cost report submitted had the language quoted in Paragraph 28 of the Amended Complaint.

30.     The allegations in Paragraph 30 of the Amended Complaint are conclusions of law for which no answer is required.  Defendants deny they engaged in illegal conduct.

31.     The allegations in Paragraph 31 of the Amended Complaint are conclusions of law for which no answer is required.  Defendants deny they engaged in illegal conduct.

32.     The allegations in Paragraph 32 of the Amended Complaint are conclusions of law for which no answer is required.  Defendants deny they engaged in illegal conduct.

33.     Defendants admit the allegations in Paragraph 33 of the Amended Complaint.

34.     Defendants admit the allegations in Paragraph 34 of the Amended Complaint.

35.     Defendants admit the allegations in Paragraph 35 of the Amended Complaint.

36.     Defendants lack knowledge or information sufficient to form a belief regarding the impact difference between surgeons and non-surgeons.  Defendants admit the remaining allegations in Paragraph 36 of the Amended Complaint.

37.     Defendants deny the allegations in Paragraph 37 of the Amended Complaint.

38.     Defendants deny the allegations in Paragraph 38 of the Amended Complaint.

ESALDIVAR\002817\00091\938155.1

39.     Defendants lack knowledge or information sufficient to form a belief about the truth of Relator's allegations in Paragraph 39 of the Amended Complaint.

40.     Defendants admit that Mr. McKibbens requested Relator's assistance in finding a solution to the problems doctors faced in getting malpractice insurance due to the malpractice legal environment during the early 1990's.   Defendants deny all the remaining allegations in Paragraph 50 of the Amended Complaint.

41.     Defendants admit that Relator, in his role as a partner of Smith-Reagan, created the excess of loss program which is the subject of this lawsuit.   Defendants deny all other allegations in Paragraph 41 of the Amended Complaint.

42.     Defendants admit that Relator, in his role as a partner of Smith-Reagan, created the excess of loss program that is the subject of this lawsuit.   Defendants deny all other allegations in Paragraph 42 of the Amended Complaint.

43.     Defendants admit that Relator, in his role as a partner of Smith-Reagan, created the excess of loss program that is the subject of this lawsuit.   Defendants deny all other allegations in Paragraph 43 of the Amended Complaint.

44.     Defendants admit that the excess of loss program created by Relator was approved by the board of directors.   Defendants deny all other allegations in Paragraph 44 of the Amended Complaint.

45.     Defendants admit that Exhibit "A" to the Amended Complaint is a copy of the VBMC Excess of Loss Self-Insurance Plan signed by Ben McKibbens as CEO of VBMC.

46.     Defendants lack knowledge or information sufficient to form a belief about the truth of Relator's allegations in Paragraph 46 of the Amended Complaint.

47.     Defendants admit that the XOL Program was in effect during 1993 – 1996. Defendants deny the remaining allegations in Paragraph 47 of the Amended Complaint.

48.     Defendants deny the allegations in Paragraph 48 of the Amended Complaint.

49.     Defendants deny the allegations in Paragraph 49 of the Amended Complaint.

50.     Defendants deny the allegations in Paragraph 50 of the Amended Complaint.

51.     Defendants lack knowledge or information sufficient to form a belief about the truth of Relator's allegations regarding the amount of insurance premiums and claim payouts over the life of the XOL Program and whether Exhibit "C" is what Relator purports it to be.  Defendants deny the remaining allegations in Paragraph 51 of the Amended Complaint.

52.     Defendants deny the allegations in Paragraph 52 of the Amended Complaint.

53.     Defendants deny the allegations in Paragraph 53 of the Amended Complaint.

54.     Defendants deny the allegations in Paragraph 54 of the Amended Complaint.

55.     Defendants deny the allegations in Paragraph 55 of the Amended Complaint.

56.     Defendants deny the allegations in Paragraph 56 of the Amended Complaint.

57.     Defendants deny the allegations in Paragraph 57 of the Amended Complaint.

58.     Defendants deny the allegations in Paragraph 58 of the Amended Complaint.

59.     Defendants deny the allegations in Paragraph 59 of the Amended Complaint.

60.     Defendants deny the allegations in Paragraph 60 of the Amended Complaint.

61.     Defendants deny the allegations in Paragraph 61 of the Amended Complaint.

62.     Defendants deny the allegations in Paragraph 62 of the Amended Complaint.

63.     Defendants deny the allegations in Paragraph 63 of the Amended Complaint.

64.     Defendants deny the allegations in Paragraph 64 of the Amended Complaint.

65.     Defendants incorporate their prior responses to Paragraphs 1-64 of the Amended Complaint.

66.     Defendants deny the allegations in Paragraph 66 of the Amended Complaint.

67.     Defendants deny the allegations in Paragraph 67 of the Amended Complaint.

68.     Defendants incorporate their prior responses to Paragraphs 1-64 of the Amended Complaint.

69.     Defendants deny the allegations in Paragraph 69 of the Amended Complaint.

70.     Defendants deny the allegations in Paragraph 70 of the Amended Complaint.

AFFIRMATIVE DEFENSES

Pursuant to Rule 8(c) of the Federal Rules of Civil Procedure, Defendants assert any avoidance or affirmative defenses, including the following:

**FIRST AFFIRMATIVE DEFENSE:  FAILURE TO STATE A CLAIM.**

Relator's claims are barred, in whole or in part, because Relator has failed to state a claim upon which relief may be granted.

**SECOND AFFIRMATIVE DEFENSE:  PUBLIC DISCLOSURE.**

Relator's claims are jurisdictionally barred because the essential facts that support Relator's claims were publicly disclosed prior to the filing of this Lawsuit.

**THIRD AFFIRMATIVE DEFENSE:  ORIGINAL SOURCE.**

Relator's claims are jurisdictionally barred, because Relator is not the original source as required under the Federal Claims Act.

**FOURTH AFFIRMATIVE DEFENSE: STATUTE OF LIMITATIONS.**

Relator's claims are barred in part by the six year statute of limitations pursuant to the False Claims Act.

**FIFTH AFFIRMATIVE DEFENSE: NO PREREQUISITE TO PAYMENT.**

Relator's claims are barred, in whole or in part, because the certifications alleged by the Relator were not prerequisite to payment from the Government.

**SIXTH AFFIRMATIVE DEFENSE: RELATOR'S INVOLVEMENT IN THE XOL.**

Relator has no right to recovery in this action because the plan that is the subject of Relator's allegations, was planned, created, and administered in its entirety by Relator.

**PRAYER**

Defendants Valley Baptist Health System and Valley Baptist Medical Center request that Relator Michael N. Swetnam take nothing by way of his claims, and that the Court enter judgment in favor of Defendants and against Relator on all claims and causes of action, and award Defendants such other and further relief, both in law and equity, to which they may be justly entitled.

Respectfully submitted,

**BOYARMILLER**

By: /s/Chris Hanslik
       Chris Hanslik
       Federal Id. No. 19249
       State Bar No. 00793895
       4265 San Felipe Road, Suite 1200
       Houston, Texas 77027
       (713) 850-7766 (telephone)
       (713) 552-1758 (facsimile)
       Email: chanslik@boyarmiller.com

ATTORNEY-IN-CHARGE FOR
DEFENDANTS VALLEY BAPTIST
HEALTH SYSTEM AND VALLEY
BAPTIST MEDICAL CENTER

OF COUNSEL:
Matthew S. Veech
Federal I.D. No. 268801
State Bar No. 24000372
BOYARMILLER
4265 San Felipe Road, Suite 1200
Houston, Texas 77027
(713) 850-7766 (telephone)
(713) 552-1758 (facsimile)
Email: mveech@boyarmiller.com

Edgar Saldivar
Federal I.D. No. 618958
State Bar No. 24038188
BOYARMILLER
4265 San Felipe Road, Suite 1200
Houston, Texas 77027
(713) 850-7766 (telephone)
(713) 552-1758 (facsimile)
Email: esaldivar@boyarmiller.com

---

Donald H. Romano
Arent Fox LLP
D.C. Bar No. 991132
1050 Connecticut Avenue, NW
Washington, DC  20036-5339
(202) 715-8407 (telephone)
(202) 857-6395 (facsimile)
Email: romano.donald@arentfox.com

LOCAL COUNSEL:
Benigno (Trey) Martinez
Law Office of Benigno (Trey) Martinez
State Bar No. 00797011
1201 E. Van Buren
Brownsville, Texas  78520
(956) 546-7159 (telephone)
(956) 544-0602 (facsimile)
Email: Trey@martinezybarrera.com

ESALDIVAR\002817\00091\938155.1

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served in accordance with the Federal Rules of Civil Procedure via electronic filing  or facsimile on this the ___14TH___ day of May, 2013, on all counsel of record as follows:

| | |
|---|---|
| Joel Cruz Resendez<br>Rene L. Obregon<br>Chaves Resendez et al<br>802 N. Carancahua, Suite 2100<br>Corpus Christi, Texas 78470<br>Fax:    361.884.5401<br>*Attorneys for Relator Michael N. Swetnman, Jr.* | Edward W. Allred<br>Watts Guerra Craft LLP<br>300 Convent Street, Suite 100<br>San Antonio, TX 78205<br>Fax:    210.527.0501<br>*Attorneys for Relator Michael N. Swetnman, Jr.* |
| Andrew A. Bobb<br>Assistant United States Attorney<br>Southern District of Texas<br>P. O. Box 61129<br>Houston, Texas 77208<br>*Attorneys for the United States of America* | |

/s/ Edgar Saldivar
Edgar Saldivar