IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, EX REL. MICHAEL N. SWETNAM, JR., | § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. 1:08-CV-446 |
| VALLEY BAPTIST HEALTH SYSTEM and VALLEY BAPTIST MEDICAL CENTER | § § § § | |
| Defendants. | § § | |

## REPLY IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT REGARDING RELATOR'S CLAIM FOR CERTAIN DAMAGES

Defendants, Valley Baptist Health System and Valley Baptist Medical Center (collectively, "Valley Baptist"), file this Reply in Support of their Motion for Partial Summary Judgment Regarding Relator's Claim for Certain Damages ("Motion") and in support thereof would show the Court as follows:

## I.    SUMMARY OF THE REPLY

1.      The parties do not dispute that: (1) there is not any one specific standard for calculating damages under the FCA; (2) the applicable damages period, if any, is October 9, 2002 until April 15, 2003; and (3) Relator lacks standing to pursue a common law unjust enrichment claim. Instead, the dispute is the appropriate damages model for this case. Valley Baptist files this reply to address the arguments in Relator's Response and to demonstrate the Response fails because:

- The cases on which Relator relies are wholly inapplicable to this lawsuit;
- Relator should be precluded from recovering any damages because of Relator's role in developing and managing the XOL Program, which Relator now alleges violates federal law; and
- The award Relator requests violates the Eighth Amendment's Excessive Fines Clause.

## II.    ARGUMENTS AND AUTHORITIES

**A.    There is no genuine issue of material fact that Relator is not entitled to damages for a common law unjust enrichment claim.**

2.    Among other things, Relator seeks unjust enrichment damages under the theory that Valley Baptist received additional Medicare and Medicaid reimbursements due to an increase in the number of physicians practicing at Valley Baptist because of the XOL Program. In its Motion, Valley Baptist argued that Relator lacks standing to pursue any damages based on a common law claim for unjust enrichment.[1] In the summary of his response, Relator acknowledged Valley Baptist's argument.[2] Yet, Relator failed to address the legal authorities Valley Baptist cited and did not respond to the argument. As a result, there is no genuine issue of material fact as to Relator's claim for unjust enrichment damages.[3] Therefore, Valley Baptist is entitled to summary judgment that Relator lacks standing to pursue any damages based on a common law claim for unjust enrichment.

**B.    The cases cited by Relator to support an award of a civil penalty for each false UB-92 form Valley Baptist submitted are inapplicable to this lawsuit and are not binding precedent.**

3.    For more than three years, Relator has prosecuted this case and sought discovery under a theory that Valley Baptist violated the FCA by submitting Annual Cost Reports (i.e., the CMS Form 2552) wherein Valley Baptist falsely certified that it had complied with all federal laws and regulations. As discussed in Valley Baptist's Motion,[4] Relator is only entitled to recover a civil penalty for each allegedly false Annual Cost Report that was submitted after October 2, 2002. Because there is only one applicable cost report—the 2002-2003 annual cost report—the range of civil penalties for which Valley Baptist could be liable totals anywhere

---

[1] Doc. 95, Valley Baptist's Motion at ¶ 36.
[2] Doc. 99, Relator's Response at p. 1.
[3] *Caboni v. Gen. Motors Corp.*, 278 F.3d 448, 451 (5th Cir. 2002) ("[T]he nonmovant must respond to the motion for summary judgment by setting forth particular facts indicating that there is a genuine issue for trial.").
[4] Valley Baptist incorporates by reference its Motion.

**DEFENDANTS' REPLY IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT**          **Page 2 of 10**

between $5,000 and $10,000.[5] Relator now claims he is entitled to a civil penalty not just for the allegedly false 2002-2003 Annual Cost Report but also for every reimbursement request form (i.e., the UB-92 form) Valley Baptist submitted between October 9, 2002 and April 15, 2003.[6] All the cases that Relator uses to advance this argument are inapplicable to this lawsuit and are not binding precedent.

4.      For example, Relator cites *United States v. Krizek* and a string of other cases— none of which are binding on this Court—for the proposition that "each submission of a UB-92 form constitutes a separate 'claim' for FCA purposes."[7] *Krizek* involved allegations that the defendants submitted UB-92 forms to Medicare for services that were medically unnecessary and for services that were more extensive than were rendered.[8] There is no dispute that Valley Baptist did not bill for medically unnecessary procedures or for services that were not provided.

5.      Another case on which Relator relies is *United States v. Hawaii Pacific Health*.[9] In that case, the government alleged a hospital requested reimbursement for procedures performed by unsupervised nurse practitioners without proper licensing or credentialing.[10] There is no dispute that Valley Baptist was reimbursed for services provided by the individuals listed on the UB-92 forms it submitted to Medicare and that those individuals had the appropriate licenses and credentials to perform the services. Moreover, in *Hawaii Pacific Health*, the Ninth Circuit Court of Appeals concluded that "Relators cannot identify any specific statute or regulation, under either Hawaii or federal law, that would render false the UB-92 forms or

---

[5] Doc. 95, Valley Baptist's Motion at ¶ 19.
[6] *See* Doc. 99, Relator's Response at p. 9-10. Only after Valley Baptist filed its Motion did Relator seek discovery related to the UB-92 forms Valley Baptist submitted. *See id.* at n.3.
[7] *Id.* at p. 9-10.
[8] *United States v. Krizek*, 111 F.3d 934, 935 (Fed. Cir. 1997)
[9] *United States v. Haw. Pac. Health*, 409 Fed. App'x. 133, 135 (9th Cir. 2010).
[10] *Id.*

related cost reports submitted . . . ."[11] The same is true here. That is, the Relator has not established how any particular UB-92 form Valley Baptist submitted was false.

6.    Relator also cites *United States ex rel. Monahan v. Robert Wood Johnson University Hospital*. That case involved allegations that the defendant submitted UB-92 forms for charges that were intentionally manipulated to inflate the defendant's costs.[12] Here, there is no evidence that Valley Baptist did not bill Medicare at the appropriate amounts. Likewise, *In re Cardiac Devices Qui Tam Litigation* involved allegations that the defendant falsified UB-92 forms so that it could be reimbursed for unapproved medical procedures.[13] Again, there is no evidence that the medical procedures for which Valley Baptist sought reimbursement were not proper.

7.    Relator also relies on *United States ex rel. Fry v. Health Alliance of Greater Cincinnati*. In that case, the government alleged that the defendant submitted false UB-92 forms after the defendant created a sham entity to conceal an allegedly improper referral scheme.[14] Here, the Relator does not allege—and there is no evidence of—any attempt by Valley Baptist to conceal the XOL Program through any sham entity. These cases—like the others on which Relator relies—are inapplicable to this lawsuit.

8.    *United States ex rel. Tyson v. Amerigroup Illinois, Inc.*, *United States v. Bondar* and *United States ex rel. Drakeford v. Toumey* are also distinguishable. *United States ex rel. Tyson* involved requests for reimbursement the defendant submitted after the defendant promised it would not discriminate based on any particular patient's need for healthcare.[15] Here, there are no allegations—much less any evidence—of any such conduct on Valley Baptist's behalf.

---

[11] *Id.* at 134-35.
[12] *United States ex rel. Monahan v. Robert Wood Johnson Univ. Hosp.*, Civil Action No. 02-5702 (JAG), 2009 U.S. Dist. LEXIS 38898, at *3-4 (D.N.J. 2009).
[13] *In re Cardiac Devices Litigation*, 221 F.R.D. 318, 323 (D. Conn. 2004).
[14] *United States ex rel. Fry v. Health Alliance of Greater Cincinnati*, No. 1:03-CV-00167, 2008 U.S. Dist. LEXIS 102411, at *23 (S.D. Ohio 2008).
[15] *United States ex rel. Tyson v. AmeriGroup Ill., Inc.*, 488 F. Supp. 2d 719, 723 (N.D. Ill. 2007).

Likewise, there are no allegations or evidence that the UB-92 forms Valley Baptist submitted were false because the forms contained inaccurate time records as was at issue in *United States v. Bondar*.[16]

9.     The final case on which Relator relies—*Toumey*—involved allegations that the defendant paid physicians a salary and bonuses based on the number of patients the physician referred to the defendant in violation of the Stark Law.[17] There is no evidence Valley Baptist paid any physician a salary or bonus contingent upon the physician making a referral to the hospital. Moreover, the XOL Program was not dependent on the referral of any patient and participating doctors received XOL coverage even if he or she referred no patient to Valley Baptist. Finally, this Court has already concluded that Valley Baptist's XOL Program did not violate the Stark Law.[18]

10.     Put simply, the Relator's cited cases are inapplicable to the present lawsuit. This lawsuit does not involve Valley Baptist's submission of false UB-92 forms, and as such, it is inappropriate to base the amount of civil penalties, if any, off of them.[19] Instead, the proper measure of civil penalties, if any, should be calculated based only on the 2002-2003 annual cost report containing the certification that Valley Baptist complied with all federal laws and regulations.

**C.     Relator fails to direct the Court to any authority where a Relator is awarded a disgorgement of damages when the government did not intervene in the FCA action.**

11.     In support of his current damages model, Relator cites several cases to advance an argument that he is entitled to a percentage of all amounts Valley Baptist received from the

---

[16] *United States v. Bondar*, Case No. 03-C-1248, 2006 U.S. Dist. LEXIS 65888, at *2 (E.D. Wis. 2006).

[17] *United States ex rel. Drakeford v. Tuomey*, 976 F. Supp. 2d 776, 781 (D.S.C. 2013).

[18] *See* Doc. 70.

[19] Additionally, it is worth noting that Relator's designated expert has calculated the civil penalty to be $155,300,000 to $310,600,000 for the applicable damages period, even though Relator's designated expert alleges the Medicare revenue received by Valley Baptist under the XOL Program during this period was only $66,400,000. *See* Doc. 99, Relator's Response at Ex. D at p. 14.

government for medical services rendered by physicians who participated in the XOL Program from October 9, 2002 through April 15, 2003, regardless of whether the government elected to intervene in the lawsuit.[20] However, none of the Relator's cited cases involve awards of damages like those Relator asks this Court to impose when the Government elected not to intervene in the lawsuit. Not surprisingly, Valley Baptist also found no such cases.

12.     Relator cites *United States ex rel. Longhi v. Lithium Power Techs., Inc.* because it is "particularly instructive."[21] However, the Court will find that *Longhi* is not at all instructive and is factually distinguishable from this lawsuit. First, *Longhi* did not involve requests to Medicare for reimbursement.[22] Second, *Longhi* involved allegations of "double billing and of billing for work that was never completed."[23] There are no such allegations or any evidence that the amounts Valley Baptist billed for reimbursement were double billed, were for work that was never completed, or were otherwise improper in any regard. Third, in *Longhi*, the defendant misrepresented the identities of the key personnel who performed the work for which the Government paid.[24] Relator does not allege—and there is no evidence—that Valley Baptist requested reimbursements for services that were performed by anyone other than the persons listed on the reimbursement request. Fourth, in *Longhi*, the defendant "knowingly falsified statements regarding its facilities and equipment."[25] Here, there is no evidence that Valley Baptist made any false statements regarding its facilities and equipment. Finally, in *Longhi*, this Court concluded that the defendant "acted with reckless disregard to the falsity of statements" by making representations about its relationships with third parties. Again, there are no allegations—nor is there any evidence—that Valley Baptist acted with reckless disregard in

---

[20] Doc. 99, Relator's Response at p. 4-5.
[21] *Id.* at p. 12.
[22] *United States ex rel. Longhi v. Lithium Power Techs., Inc.*, 575 F.3d 458, 461 (5th Cir. 2009).
[23] *Id.* at 463.
[24] *Id.* at 464.
[25] *Id.*

submitting its annual cost report. Importantly, *Longhi*—like the other cases on which Relator relies—is a FCA lawsuit where the government <u>did elect</u> to intervene.[26] For these reasons, *Longhi* is not instructive on the recoverable damages that Relator may seek in this lawsuit.

**D.     Relator is not entitled to the damages he seeks because Relator has unclean hands and because Relator's damages model violates the Eight Amendment's Excessive Fines Clause.**

13.     The Court should not award Relator the damages he seeks because of Relator's role in creating and administering the XOL Program. 31 U.S.C. §3730(d)(3) provides:

> Whether or not the Government proceeds with the action, if the court finds that the action was brought by a person who planned and initiated a violation of section 3729 upon which the action was brought, then the court may, to the extent the court considers appropriate, reduce the share of the proceeds of the action which the person would otherwise receive … taking into account … any relevant circumstances pertaining to the violation.

Here, it is undisputed that Relator created the XOL Program in 1993 and administered it for Valley Baptist until it was terminated in 2002.[27] Now, Relator claims the XOL Program violated certain federal laws in the AKS and the FCA. Using its discretion under §3730(d)(3), this Court should reduce the amount of recovery, if any, Relator is awarded. Awarding Relator the windfall he requests does not encourage honest dealings with the government.

14.     Finally, Relator claims that the award of damages he seeks does not violate Valley Baptist's Eighth Amendment rights because (1) Valley Baptist's Eighth Amendment Excessive Fines Clause argument is premature and (2) the argument fails as a matter of law because the damages are not punitive in nature. Considering that Relator asked Valley Baptist to file a motion for summary as to the recoverable damages that Relator may seek and the Eighth Amendment Excessive Fines Clause bars Relator from recovering any damages from Valley Baptist, Valley Baptist disagrees with Relator that Valley Baptist's Eighth Amendment argument

---

[26] *Id.* at 461.
[27] It is undisputed that Relator also received substantial commissions on premiums paid by Valley Baptist in connection with the XOL Program.

is premature. Nonetheless, to the extent that it is and if necessary, Valley Baptist specifically reserves the right to brief its Eighth Amendment Excessive Fines Clause argument at trial. Relator's argument that Valley Baptist's Eighth Amendment argument fails because Relator's requested damages are not punitive in nature is without merit, as the damages imposed under the FCA are essentially punitive in nature.[28] Moreover, Relator failed to substantively address or offer any contrary evidence as to Valley Baptist's evaluation of the various factors used by courts to determine whether a fine is excessive under the Excessive Fines Clause. Instead, Relator offered only conclusory statements and improper legal conclusions.

### III.    CONCLUSION AND PRAYER

For the reasons set forth in the Motion for Partial Summary Judgment Regarding Relator's Claim for Certain Damages, Defendants, Valley Baptist Health System and Valley Baptist Medical Center, respectfully request the Court grant their Motion and enter a judgment that Relator, Michael N. Swetnam, Jr., cannot, as a matter of law, recover disgorgement damages (or "recoupment" damages) or unjust enrichment damages and that the civil penalty sought by Relator is based on each annual cost report that is proven to have been made in violation of the FCA during applicable limitations period. Defendants also requests such other and further relief as to which it may be entitled.

[signature on following page]

---

[28] *See Vermont Agency of Nat'l Res. v. United States ex rel. Stevens*, 529 U.S. 765, 784-85 (2000) ("The very idea of treble damages reveals an intent to punish past, and to defer future, unlawful conduct, not to ameliorate the liability of wrongdoers.").

Respectfully submitted,

BOYARMILLER

By: ___/s/ Chris Hanslik_____
        Chris Hanslik
        Federal Id. No. 19249
        State Bar No. 00793895
        4265 San Felipe Road, Suite 1200
        Houston, Texas 77027
        (713) 850-7766 (telephone)
        (713) 552-1758 (facsimile)
        Email: chanslik@boyarmiller.com

ATTORNEY-IN-CHARGE FOR
DEFENDANTS VALLEY BAPTIST
HEALTH SYSTEM AND VALLEY
BAPTIST MEDICAL CENTER

OF COUNSEL:
Edgar Saldivar
Federal I.D. No. 618958
State Bar No. 24038188
BOYARMILLER
4265 San Felipe Road, Suite 1200
Houston, Texas 77027
(713) 850-7766 (telephone)
(713) 552-1758 (facsimile)
Email: esaldivar@boyarmiller.com

Donald H. Romano
Foley & Lardner, LLP
D.C. Bar No. 991132
3000 K Street NW, Suite 600
Washington, DC 20007-5109
(202) 945-6119 (telephone)
(202) 672-5399 (facsimile)
Email: DRomano@Foley.com

LOCAL COUNSEL:
Benigno (Trey) Martinez
Law Office of Benigno (Trey) Martinez
State Bar No. 00797011
1201 E. Van Buren
Brownsville, Texas 78520
(956) 546-7159 (telephone)
(956) 544-0602 (facsimile)
Email: Trey@martinezybarrera.com

DEFENDANTS' REPLY IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT          Page 9 of 10

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the foregoing Defendants' Valley Baptist Health System and Valley Baptist Medical Center Motion for Partial Summary Judgment was served via facsimile on this the 30th day of June, 2014, on all counsel of record as follows:

Edward W. Allred                          *Via Facsimile:* (210) 527-0501
Francisco Guerra, IV
Mikal C. Watts
WATTS, GUERRA CRAFT LLP
300 Convent Street, Suite 100
San Antonio, TX 78205

*Attorneys for Relator*
*Michael N. Swetnam, Jr.*


                                   _____*/s/ Chris Hanslik*_____
                                   Chris Hanslik