# EXHIBIT "E"

|       |                                                                 |
|-------|-----------------------------------------------------------------|
| From: | Allred Ed <eallred@wattsguerra.com>                             |
| Subject: | **Swetnam: request for corporate representative deposition(s)** |
| Date: | November 5, 2013 3:22:37 PM CST                                 |
| To:   | "Christopher P. Hanslik" <chanslik@boyarmiller.com>             |
| Cc:   | Colleen Peebles <cpeebles@wattsguerra.com>                      |

1 Attachment, 106 KB

Chris,

Please take a look at the attached; this is a draft, and probably a partial, list of testimony topics on which we will need a corporate representative deposition; whether the same person(s) will appear for both defendants or you want separate people is obviously your choice.

Please let me know on what dates and at what locations you can provide this/these witnesses. We are resorting to this technique because your clients have had such difficulty retrieving documents from their legacy computer systems.  As this is a draft and likely partial list of topics, I suspect that the topics areas will be refined a bit and possibly added to.

Ed Allred



DRAFT Corp …ocx (106 KB)

**From:** Allred Ed <eallred@wattsguerra.com>
**Subject: Swetnam: re: 1:30 call today**
**Date:** November 12, 2013 11:13:31 AM CST
**To:** Chris Hanslik <chanslik@boyarmiller.com>
**Cc:** Edgar Saldivar <esaldivar@boyarmiller.com>, Colleen Peebles <cpeebles@wattsguerra.com>

1 Attachment, 82.5 KB

Chris/Edgar, the attached relates to our 1:30 call today.

Also, I will ask for an answer to the issue in red below.

Additionally, I would like to know whether you anticipate being able of producing documents responsive to the pending RFPs or you will need another extension.

Finally, I'd lie to swap witness lists for depositions desired - I don't mind going first, this isn't a game of gotcha - and I'd like each of us to identify whom we can schedule/produce and whom is independent from all parties.  My list will probably change depending upon whom you designate as the corporate representative(s), but should include McKibbons, Cook, Carter, and those identified in our interrogatory responses from March of this year.  Is it your desire to take Swetnam's deposition first?  You haven't asked for it, but I won't fight you on this if that's your desire - I think it typically is the D's desire to get the Plaintiff's testimony first, but obviously this is your call.

My intention is to get an omnibus discovery plan worked out - not that it limits either side form doing more, but rather so it puts known items on the books for us both.  I realize that we've each had other fires going so I'd like to firm up a discovery plan on this case for both of our sakes.

Ed Allred

PS - as crazy as this sounds, our building has a fire drill scheduled for sometime today - so if I come up with some crazy excuse this afternoon for not calling you, that's it...  Otherwise, I'll call you at 1:30.



DRAFT 30b6...doc (82.5 KB)


On Oct 24, 2013, at 11:19 AM, Chris Hanslik wrote:

> Ed,

By tomorrow, we are producing Bates-labeled documents VB-QT 2270 -- VB-QT 5110, which include the following:

1. Organizational chart
2. Hospital system structure (showing relation between VBMC and VBHS)
3. Table of net patient revenue for the hospital vs. Medicare payments for years 1995 to 2006
3. Cost reports from 1990 to 2003 years (except for 2002, 2003, and 2004, which were already produced)
4. Audited financial statements for VBHS per year from 1993 to 2006
5. Lists of physicians with privileges broken down per year from 1988 to 2003

We will also include the documents we obtained from Smith Reagan which didn't amount to much.

Finally, we will provide amended responses to the request for production and interrogatories, but that might not be by tomorrow.

I will also get back to you as to whether we anticipate any further documents be produced.

Chris


Chris Hanslik
Chairman, BoyarMiller
DIRECT 832-615-4212
CELL 713-898-2736
chanslik@boyarmiller.com

CONFIDENTIALITY NOTICE
This email transmission (and/or the documents accompanying it) may contain confidential information belonging to the sender which is protected by the attorney-client privilege. The information is intended only for the use of the individual or entity named above. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution or the taking of any action in reliance on the contents of this information is strictly prohibited. If you have received this transmission in error, please immediately notify us by telephone at 713-850-7766 to arrange for return of the document.

Unless otherwise expressly stated in this email, no offer is made by our clients, in any respect, by the transmittal of the draft documents accompanying this email.
CONFIDENTIALITY NOTICE This email transmission (and/or the documents accompanying it) may contain confidential information belonging to the sender which is protected by the attorney-client privilege. The information is intended only for the use of the individual or entity named above. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution or the taking of any action in reliance on the contents of this information is strictly prohibited. If you have received this transmission in error, please

On May 28, 2014, at 8:50 AM, Matthew S. Veech wrote:

Ed,

Please let us know if we can confirm the following depositions:

- June 12 -- Hay in Phoenix, AZ
- June 17 and 18 – Adams, Six, and Ferrell in the Valley
- June 24 – Springfield in Houston

We can conduct these prior to scheduling Swetnam.

We are still working to confirm with McKibbens and McNey.  McKibbens is retired and is away from his residence for the entire summer, and McNey has been difficult to connect with.

We have spoken to Lieberenz.  You do realize that he did not join the Hospital until 2006 or 2007, after the XOL program was terminated.  He may be available on June 20 in South Carolina, however, before we schedule a deposition date we wanted to confirm that you in fact want that depo considering he has no personal knowledge of the program.  Let me know.

Finally, I will circulate the letter agreement relating to the Scheduling Order.

Matt

**Matthew S. Veech**
*Shareholder*
**DIRECT** 832-615-4232  **CELL** 281-755-2451

v-Card | bio | map

**BoyarMiller**
4265 San Felipe, Suite 1200  Houston, TX 77027
**TEL** 713-850-7766  **FAX** 713-552-1758

www.boyarmiller.com

<image001.gif>

*Please consider the environment before choosing to print this e-mail.*

Unless otherwise expressly stated in this email, no offer is made by our clients, in any respect, by the transmittal of the draft documents accompanying this email.

CONFIDENTIALITY NOTICE

This email transmission (and/or the documents accompanying it) may contain confidential information belonging to the sender which is protected by the attorney-client privilege. The information is intended only for the use of the individual or entity named above. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution or the taking of any action in reliance on the contents of this information is strictly prohibited. If you have received this transmission in error, please immediately notify us by telephone at 713-850-7766 to arrange for return of the document.

Unless otherwise expressly stated in this email, no offer is made by our clients, in any respect, by the transmittal of the draft documents accompanying this email.
CONFIDENTIALITY NOTICE This email transmission (and/or the documents accompanying it) may contain confidential information belonging to the sender which is protected by the attorney-client privilege. The information is intended only for the use of the individual or entity named above. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution or the taking of any action in reliance on the contents of this information is strictly prohibited. If you have received this transmission in error, please immediately notify us by telephone at 713-850-7766 to arrange for return of the document.

# WATTS | GUERRA

EDWARD W. ALLRED
Attorney at Law
eallred@wattsguerra.com

Bank of America Plaza, Suite 100
300 Convent Street
San Antonio, Texas 78205
210.527.0500 PHONE
210.527.0501 FAX
www.wattsguerra.com

July 25, 2014

Mr. Christopher Paul Hanslik  *Via Fax: 713.552.1758*
Mr. Edgar Saldivar
Matthew S. Veech
BOYAR & MILLER PC
4265 San Felipe, Suite 1200
Houston, Texas 77027
*Attorneys for Defendants*

Re: Cause No. 1:08-CV-446; *United States of America, ex rel. Michael N. Swetnam, Jr. v. Valley Baptist Health System and Valley Baptist Medical Center*; In the United States District Court for the Southern District of Texas, Brownsville Division.
WG File #395001

Dear Counsel:

Pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, enclosed please find the following in the above-referenced matter:

1. Plaintiff's Notice of Intention to take the Oral and Videotaped Deposition, Subpoena Duces Tecum, of the Corporate Representative for Defendant Valley Baptist Health System; and

2. Plaintiff's Notice of Intention to take the Oral and Videotaped Deposition, Subpoena Duces Tecum, of the Corporate Representative for Defendant Valley Baptist Medical Center.

As you will see we inserted a specific date, time and place in the notice, but if you or your client are not available on the dates set forth in the notices, please contact us to reschedule the deposition to a date that is mutually convenient.

Should you have any questions or comments, please do not hesitate to call. Thank you for your attention to this matter.

Very truly yours,

Ed Allred

Edward W. Allred

EWA:ccp
Enclosures

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, EX REL. MICHAEL N. SWETNAM, JR., | § § § § § | |
| Plaintiff, | § § | |
| VS. | § § | CASE NO. 1:08-CV-446 |
| VALLEY BAPTIST HEALTH SYSTEM AND VALLEY BAPTIST MEDICAL CENTER, | § § § § § | |
| Defendants. | § | |

### PLAINTIFF'S NOTICE OF INTENTION TO TAKE THE ORAL AND VIDEOTAPED DEPOSITION, SUBPOENA DUCES TECUM, OF THE CORPORATE REPRESENTATIVE FOR DEFENDANT VALLEY BAPTIST MEDICAL CENTER

TO:  Defendants VALLEY BAPTIST MEDICAL CENTER, by and through its attorneys of record, Christopher P. Hanslik, Edgar Saldivar, Matthew S. Veech, BOYAR & MILLER PC, 4265 San Felipe, Suite 1200, Houston, Texas 77027.

Please take notice that the following oral deposition will be taken by the undersigned attorneys pursuant to the Federal Rules of Civil Procedure:

(a)  The name of the witness is: VALLEY BAPTIST MEDICAL CENTER.

(b)  Pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, Defendants are hereby notified of their obligation to designate one or more persons with actual knowledge on the subjects described below, and with the authority to testify as their designated corporate representative(s).

(c)  The subject matter of the deposition(s) concern the following:

   (1)  Number of Medicare and Medicaid claims (Forms UB-92) submitted by Defendant on an annual basis from 1990 through 2008;

   (2)  Number of Medicare and Medicaid claims (Forms UB-92) submitted by Defendant on a quarterly basis from 1990 through 2008;

(3) Number of Medicare and Medicaid claims (Forms UB-92) from physicians not participating in the XOL program on an annual basis from 1990 through 2008;

(4) Amount of Medicare and Medicaid claims (Forms UB-92) submitted by Defendant on a quarterly basis from 1990 through 2008;

(5) Number of Medicare and Medicaid claims (Forms UB-92) from physicians not participating in the XOL program on a quarterly basis from 1990 through 2008.

(6) The amount of money received by the Defendants for each Medicare and Medicaid claim (Forms UB-92) submitted to the federal government from 1990 through 2008.

(7) The average tenure of a physician with the Defendant on a quarterly and annual basis from 1990 through 2008;

(8) Number of physicians that referred patients to the Defendants on a quarterly and annual basis from 1990 through 2008;

(9) The amount that the Defendant paid into the XOL program annually from 1993 through 2004;

(10) The total cost of the XOL program on an annual basis from 1993 through 2004;

(11) The total cost of the XOL program on a quarterly basis from 1993 through 2004;

(12) All annual "cost reports" that Defendants submitted to any agency or department of the United States Federal Government;

(13) All reasons why the XOL program was terminated;

(14) The local market share for the Defendants and its competitors from 1990 through 2008;

(15) The amount of medical malpractice insurance coverage required for physicians by the Defendants from 1990 through 2008;

(16) The Defendants' method of determining and reasons for setting the amount of medical malpractice insurance coverage required for physicians by the Defendants from 1990 through 2008;

(17) The amount of medical malpractice insurance coverage required for physicians by hospitals and medical treatment facilities competing with the Defendants from 1990 through 2004;

(18) The amount of physician professional liability insurance limits that other area hospitals required the physicians on their medical staffs to maintain;

(19) All competing hospitals that went out of business anytime from 1993 through present;

(20) All physician group's contemplation or threats to move their patients to different hospitals that required lower physician

medical professional liability insurance limits of liability, from 1990 through 2008;

(21) The marketing strategies Defendants used for the physician excess of loss self-insurance program to get referrals, from 1990 through 2004;

(22) Defendant's efforts to use the Physician excess of loss self-insurance program to recruit new physicians;

(23) The increase in physician/patient referrals, including Medicare and/or Medicaid referrals, directly or indirectly during, attributable to, and/or as a result of the physician excess of loss self-insurance program;

(24) The increase in physician privileges that were attributable directly or indirectly during, attributable to, and/or as a result of the physician excess of loss self-insurance program;

(25) Each physician to whom, or on whose behalf, any benefit was paid by the Trust or the physician excess of loss self-insurance program as a result of a claim made by, through, or under any patient. Included in this Interrogatory is the identity of each physician, the date(s) of payment(s) made, and the amount of payment(s) made;

(26) Each physician to whom, or on whose behalf, any benefit was paid by the Trust or the physician excess of loss self-insurance program as a result of a claim made by, through, or under any patient of each such physician, what each physician paid, performed, or otherwise provided in exchange for the payment(s) made by the Trust or the physician excess of loss self-insurance program;

(27) For each policy period during the physician excess of loss self-insurance program's existence, the fair market value of the coverage provided to each physician enrolled in the physician excess of loss self-insurance program, if each physician were to have purchased/procured an identical excess of loss insurance policy rather than enrolling in the Defendants' physician excess of loss self-insurance program;

(28) The cost for Defendants to fund the XOL Program in total insurance premiums and claim payouts;

(29) The Defendants' total annual net patient service revenue, for the years 1990 through 2008;

(30) The Defendants' total annual net patient service revenue received from federal Medicare and Medicaid payments, for the years 1990 through 2008;

(31) For the duration of the physician excess of loss self-insurance program's existence, the total amount of federal funds received by each Defendant's hospital(s) and/or treatment facilities or clinics,

paid by any federal governmental agency, or any entity on behalf of any federal governmental agency, or any entity pursuant to any federal program for all medical services, supplies, treatments, CPT Codes, or other patient services of any kind provided to all patients of all physicians enrolled in the physician excess of loss self-insurance program. This request specifically includes Medicare and Medicaid payments;

(32) For the duration of the physician excess of loss self-insurance program's existence, the total amount of federal funds received by each Defendant's hospital(s) and/or treatment facilities or clinics, paid by any federal governmental agency, or any entity on behalf of any federal governmental agency, or any entity pursuant to any federal program for all medical services, supplies, treatments, CPT Codes, or other patient services of any kind provided to all patients of all physicians <u>not enrolled</u> in the physician excess of loss self-insurance program. This request specifically includes Medicare and Medicaid payments;

(33) During the existence of the physician excess of loss self-insurance program, each Defendant's relative local market share of the total amount of federal funds received by each Defendant's hospital(s) and/or treatment facilities or clinics, paid by any federal governmental agency, any entity on behalf of any federal governmental agency, or any entity pursuant to any federal program for all medical services, supplies, treatments, CPT Codes, or other patient services of any kind provided to all patients of all physicians. This request specifically includes Medicare and Medicaid payments.

(34) The document(s) submitted by the Defendants to the federal government for Medicare and Medicaid services provided and payments received by the Defendants for those medical services.

(35) The document(s) made available to the federal government to support and justify each Medicare and Medicaid claim (Forms UB-92) submitted to the federal government from 2002 through 2004.

(36) The information provided by the Defendants requesting payments of each Medicare and Medicaid claim (Forms UB-92) submitted to the federal government from 2002 through 2004.

(37) The form and content of the Defendants' Medicare and Medicaid claim (Forms UB-92) submitted to the federal government from 2002 through 2004.

(38) The Defendants' Medicare and/or Medicare Participating Physician or Supplier Agreement (or other contract or agreement of any other name or title entitling the Defendants to participate in

    Medicaid and/or Medicare and to receive federal fund reimbursements for goods and/or services provided to Medicare and/or Medicaid patients) with the federal government from 1990 through present.

(d)  The deposition will begin at **9:00 a.m., on August 27, 2014** and continue from day to day until the same has been completed.

(e)  The deposition will take place at the following location or any other location agreed to by the witness and parties:

BOYAR & MILLER PC
4265 San Felipe, Suite 1200
Houston, Texas 77027.

(f)  The deposition will be taken upon oral examination before a court reporter authorized by law to take depositions with Worldwide Court Reporters, Inc. [713.572.2000].

(g)  Please take notice that this deposition will be recorded stenographically, as well as by videotape.

(h)  Any and all of said deposition testimony may be offered into evidence at the time of trial.

       Respectfully submitted,
       WATTS GUERRA LLP
       300 Convent Street, Suite 100
       San Antonio, Texas 78205
       Telephone: 210.527.0500
       Fax: 210.527.0501

      By:  /s/ - Edward W. Allred
         Edward W. Allred
         State Bar No. 50511764
         Attorney-in-Charge
         Email: eallred@wattsguerra.com
         Francisco Guerra, IV.
         State Bar No. 00796684
         Email: fguerra@wattsguerra.com
         Mikal C. Watts
         State Bar No. 20981820
         Email: mcwatts@wattsguerra.com

     *And*

Case 1:08-cv-00446 Document 107-5 Filed in TXSD on 08/15/14 Page 13 of 16

CHAVES, OBREGON & PERALES, L.L.P.
Frost Bank Plaza
802 N. Carancahua, Suite 2100
Corpus Christi, Texas 78470
361.884.5400 - Telephone
361. 884.5401 - Fax

> Rene L. Obregon
> State Bar No.: 24005445

ATTORNEYS FOR PLAINTIFF UNITED STATES OF AMERICA, EX REL. MICHAEL N. SWETNAM, JR.

Page 6 of 7

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing document was served on the following attorneys of record in accordance with the Federal Rules of Civil Procedure on this 25th day of July, 2014:

| | |
|---|---|
| Christopher Paul Hanslik<br>Edgar Saldivar<br>Matthew S. Veech<br>BOYAR & MILLER PC<br>4265 San Felipe, Suite 1200<br>Houston, Texas 77027<br>*Attorneys for Defendants* | *Via Fax: 713.552.1758* |
| Andrew A. Bobb<br>Assistant United States Attorney<br>Southern District of Texas<br>P O Box 61129<br>Houston, Texas 77208<br>*Attorneys for The United States of America* | *Via Fax: 713.718.3303* |
| Jon Katz<br>Joyce Branda<br>Department of Justice – Civil Division<br>Ben Franklin Station<br>P O Box 261<br>Washington, DC 20044<br>*Attorneys for The United States of America* | *Via Fax: 202.616.3085* |

                                                     /s/ - Edward W. Allred
                                                     Edward W. Allred

```
TRANSACTION REPORT
                                        JUL/25/2014/FRI 04:54 PM
FAX(TX)
| #   | DATE   | START T. | RECEIVER    | COM.TIME | PAGE | TYPE/NOTE   |     | FILE |
| 001 | JUL/25 | 04:52PM  | 17135521758 | 0:02:08  | 16   | MEMORY   OK |     | SG3  1612 |
```

# WATTS | GUERRA L.L.P.

Bank of America Plaza, Suite 100
300 Convent Street
San Antonio, Texas 78205
210.527.0500 PHONE
210.527.0501 FAX
www.wattsguerra.com

## TELECOPY TRANSMITTAL COVER SHEET
### CONFIDENTIALITY NOTICE

This facsimile transmission (and/or the documents accompanying it) may contain confidential information belonging to the sender, which is protected by the attorney-client privilege. The information is intended only for the use of the individual or entity named below. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution or the taking of any action in reliance on the contents of this information is strictly prohibited. If you have received this transmission in error, please immediately notify us by telephone to arrange for the return of the document.

**DATE:** JULY 25 2014

**TO:** CHRISTOPHER HANSLIK
EDGAR SALDIVAR
MATTHEW S VEECH           **FAX NUMBER: 713.552.1758**

ANDREW A BOBB             **FAX NUMBER: 713.718.3303**

JON KATZ
JOYCE BRANDA              **FAX NUMBER: 202.616.3085**

RENE L OBREGON            **FAX NUMBER: 361.884.5401**

**FROM:** EDWARD W. ALLRED

**RE:** SWETNAM
WG FILE NO 395001

**NUMBER OF PAGES (INCLUDING COVER PAGE): 16**

**COMMENTS:**

If there are any problems, please call 210.527.0500 and ask for Colleen Peebles or by email at cpeebles@wattsguerra.com.

```
TRANSACTION REPORT
                                            JUL/25/2014/FRI 05:03 PM
BROADCAST
|  #  | DATE   | START T. | RECEIVER     | COM.TIME | PAGE | TYPE/NOTE   |      | FILE |
| 001 | JUL/25 | 04:55PM  | 17137183303  | 0:02:14  | 16   | MEMORY  OK  |      | SG3 1613 |
| 002 |        | 04:58PM  | 12026163085  | 0:03:05  | 16   | MEMORY  OK  |      | SG3 1613 |
| 003 |        | 05:01PM  | 13618845401  | 0:02:03  | 16   | MEMORY  OK  |      | SG3 1613 |
|     | TOTAL  |          |              | 0:07:22  | 48   |             |      |      |
```

# WATTS | GUERRA LLP

Bank of America Plaza, Suite 100
300 Convent Street
San Antonio, Texas 78205
210.527.0500 PHONE
210.527.0501 FAX
www.wattsguerra.com

## TELECOPY TRANSMITTAL COVER SHEET
## CONFIDENTIALITY NOTICE

This facsimile transmission (and/or the documents accompanying it) may contain confidential information belonging to the sender, which is protected by the attorney-client privilege. The information is intended only for the use of the individual or entity named below. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution or the taking of any action in reliance on the contents of this information is strictly prohibited. If you have received this transmission in error, please immediately notify us by telephone to arrange for the return of the document.

**DATE:** JULY 25 2014

**TO:** CHRISTOPHER HANSLIK
EDGAR SALDIVAR
MATTHEW S VEECH     **FAX NUMBER: 713.552.1758**

ANDREW A BOBB     **FAX NUMBER: 713.718.3303**

JON KATZ
JOYCE BRANDA     **FAX NUMBER: 202.616.3085**

RENE L OBREGON     **FAX NUMBER: 361.884.5401**

**FROM:** EDWARD W. ALLRED

**RE:** SWETNAM
WG FILE NO 395001

**NUMBER OF PAGES (INCLUDING COVER PAGE): 16**

**COMMENTS:**