UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, EX REL. MICHAEL N. SWETNAM, JR., | § § § § | |
| Plaintiff, | § § | |
| VS. | § § § | CASE NO. 1:08-CV-446 |
| VALLEY BAPTIST HEALTH SYSTEM AND VALLEY BAPTIST MEDICAL CENTER, | § § § § § | |
| Defendants. | § § | |

**PLAINTIFF'S RESPONSE TO DEFENDANTS'
MOTION FOR SUMMARY JUDGMENT
REGARDING RELATOR'S FALSE CLAIMS ACT CLAIMS**

Plaintiff, the United States of America *ex rel.* Michael N. Swetnam, Jr. ("Relator") files this Response to Defendants Valley Baptist Health System and Valley Baptist Medical Center's (collectively, "VBMC" or "Defendants") Motion for Summary Judgment Regarding Relator's False Claims Act Claims (the "Motion"), and in support thereof, would show the Court as follows:

**SUMMARY OF THE RESPONSE**

On August 6, 2012, this Court denied Defendants' motion for summary judgment regarding the Anti-Kickback Statute ("AKS"), wherein Defendants argued that Relator had no evidence that Defendants intended to induce referrals through the XOL Program. (Doc. 70). In rejecting Defendants' argument, the Court specifically held in its Memorandum Opinion and Order (the "Order") that "Relator has produced enough evidence to convince this Court that there is an issue of material fact involved" regarding Defendants intent to induce referrals. (*Id.* at 18). Now, two years later – desperate to avoid a jury hearing the facts of the case – Defendants have filed their instant Motion on the very same basis previously overruled by this Court – that Relator

has no evidence of intent to induce referrals. Defendants offer no new legal theories or arguments to support their Motion, hoping simply that based on the passage of time, the Court will ignore its prior ruling that Relator has come forward with sufficient evidence of inducement to create an issue of fact.

Accordingly, the Court should summarily deny Defendants' Motion based on its prior Order. Indeed, the evidence the Court relied on then – Relator's testimony contained in his Declaration – has not changed, and such testimony alone, as the Court previously held, is sufficient to defeat summary judgment. Further, any contrary evidence Defendants highlight to demonstrate their purported lack of intent to induce referrals simply goes to the credibility and weight of Relator's testimonial evidence, not its sufficiency to create a fact issue under Rule 56. Finally, in addition to his testimony, Relator has come forward with additional evidence showing Defendants' intent to induce referrals through the XOL Program. Defendants' Motion, therefore, must be denied.

**EVIDENCE IN SUPPORT OF RESPONSE**

This Response is supported by the following evidence:

1. Exhibit A – Supplemental Declaration of Michael N. Swetnam, Jr., dated October 27, 2011 (previously filed as Doc. 54);

2. Exhibit B – Second Declaration of Michael N. Swetnam, Jr., dated August 20, 2014;

3. Exhibit C – Meeting minutes dated July 13, 1993 from VBMC Insurance and Claims Management Committee Board of Trustees;

4. Exhibit D – Meeting minutes dated July 16, 1993 from VBMC Special Meeting regarding Physician's Liability Insurance Proposal;

5. Exhibit E – VBMC Medical Staff Development Update dated April 22, 2002; and

6. Exhibit F – Expert Report of Paul C. Benoit, dated February 7, 2014.

**SUMMARY JUDGMENT STANDARD**

Summary judgment is appropriate only if no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law.  FED. R. CIV. P. 56(c). "Under Rule 56(c), the moving party bears the initial burden of 'informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact.'" *Employers Ins. Co. v. Penn-America Ins. Co.*, 705 F.Supp.2d 696, 704 (S.D. Tex. 2010) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)). "When the moving party has met its Rule 56(c) burden . . . the nonmovant must go beyond the pleadings and designate specific facts showing that there is a genuine issue of trial.  *Id.* (citing *Duffie v. United States*, 600 F.3d 362, 370-71 (5th Cir. 2010)).  To that end, "there must be evidence on which the jury could reasonably find for the plaintiff."  *Id.*  "In deciding a summary judgment motion, the court reviews the facts drawing all reasonable inferences in the light most favorable to the nonmovant."  *Id.* (citing *Chaney v. Dreyfus Serv. Corp.*, 595 F.3d 219, 229 (5th Cir. 2010)).  The Court may not make credibility determinations or weigh the evidence.  *Harvill v. Westward Communications, L.L.C.*, 433 F.3d 428, 436 (5th Cir. 2005)

**ARGUMENT & AUTHORITIES**

I.  **This Court Previously Held that Relator Has Produced Enough Evidence to Create an Issue of Material Fact on the Issue of Defendants' Intent to Induce Referrals.**

In order to prove a violation of the AKS, a party must show that the defendant "knowingly and willfully made a payment or offer of payment as an inducement to the payee to refer an individual to another for the furnishing of an item or service that could be paid for by a federal healthcare program."  *United States v. Miles*, 360 F.3d 472, 479 – 80 (5th Cir. 2004); *see also* 42 U.S.C. 1320a-7b(b).  As such, a relator in a qui tam case must show that defendant "(1) caused claims to be submitted to the Government;

3

(2) remunerated physicians with a purpose to induce referrals; and (3) knew that its actions violated the AKS." *United States ex rel. Pogue v. Diabetes Treatment Centers of Am.*, 565 F. Supp. 2d 153, 160 (D.C. 2008).

"Though lacking a 'smoking gun', [a] relator[] may survive summary judgment if [he has] produced sufficient circumstantial evidence to create a jury question as to whether defendant violated the AKS." *Id.* at 162. In that regard, "[r]elator is under no burden to prove with absolute certainty his claims." *Id.* at 166. As mandated by the rules of summary judgment, the Court's analysis must be "based on the facts as viewed in a light favorable to relator, and all justifiable inferences are drawn in his favor." *Id.*

Citing *Pogue*[1], this Court held in its prior Order that Relator had produced enough evidence to create an issue of material fact regarding Defendants' intent to induce referrals. (Doc. 70 at 15 – 18). This evidence consisted of testimony contained in Relator's Supplemental Declaration (Doc. 54). In their Motion, Defendants make the false assertion that the Court relied on only one statement from the Supplemental Declaration to reach its decision – an alleged explicit admission from Defendants' CEO Ben McKibbens that the XOL Program was good because it helped with patient referrals. (Mot. at 9). In fact, the Court also relied on several additional points of testimony from the Supplemental Declaration, including:

- that the XOL Program's coverage benefit was offered only with respect to patients who were admitted to Defendants' hospital;

- that the XOL Program was used to recruit new physicians to become members of VBMC staff, often from other valley-area hospitals; and

---

[1] Defendants' attempt to use *Pogue* to support its flawed argument is baffling and erroneous. (Mot. at 7-8). Contrary to Defendants' seeming contention, *Pogue* does not provide a checklist of evidence a plaintiff must provide to defeat summary judgment on the inducement factor of an AKS claim. To the contrary, and as the Court correctly noted in its Order, *Pogue* stands for the proposition that, as here, a Relator may defeat summary judgment based on sufficient circumstantial evidence of the inducement factor, despite lacking a "smoking gun." *Pogue*, 565 F. Supp. 2d at 162. Defendants' Motion - just as its previously denied motion – is based on the erroneous argument that Relator lacks a smoking gun in this case.

- that Medicare and Medicaid referrals increased after initiation of the XOL Program, as did physician enrollment and patient referrals.

(Doc. 70 at 17 (citing Doc. 54 at ¶¶ 23, 28, 31-32)). This evidence, taken as a whole, was enough to "convince the court that there is an issue of material fact involved." (*Id.* at 18). This evidence has not changed, and Relator will provide this exact same testimony at trial.[2]

In hopes that the Court will reverse its prior decision, Defendants' point to an email sent by Relator wherein he purportedly admitted that "'[t]he hospital's XOL Program was never based upon the physician's referral of any patient to the hospital facility." (Mot. at 9 (citing Ex. B)). Defendants contend that Relator's previous summary judgment evidence (i.e. his Supplemental Declaration) should be "disregarded" because of this alleged admission. (*Id.* at 8 – 9). Defendants' argument fails for several reasons.

To begin, Defendants' fail to tell the whole story regarding the email in question. As Relator states in his Second Declaration attached to this Response, Exhibit B to Defendants' Motion is an email he sent to Patsy Nichols on May 11, 1998. (Ex. B at ¶ 2). Ms. Nichols was one of Defendants' attorneys at that time, practicing in Fulbright & Jaworski's Austin office (*Id.*). The email to Ms. Nichols was drafted and sent at Defendants' direction during the time in which Defendants were trying to organize their HMO insurance coverage. (*Id.* at ¶ 3). The Defendants' CEO, Ben McKibbens, specifically told Relator that he expected VBMC's insurance agents (including me) to support the hospital's position with respect to the XOL Program. (*Id.*). Defendants' position was that the XOL Program was legal, and Mr. McKibbens wanted VBMC's attorneys and insurance agents to support that position. (*Id.*). As previously set forth in

---

[2] Defendants have yet to take Relator's deposition.

Relator's Supplemental Declaration, Defendants' intent in implementing the XOL Program was to remunerate physicians with a purpose to induce referrals. (*Id.* at ¶ 4).

Defendants cannot cite to any case or rule of civil procedure to support their contention that Relator's prior Supplemental Declaration testimony should be disregarded by the Court due to the language contained in the 1998 email. Indeed, none exists. In reality, what Defendants are asking the Court to do is play they role of fact-finder and weigh the evidence. But as the Court stated in its prior Order, "[i]t is not the Court's duty to weigh the evidence at the summary judgment phase." (Doc. 70 at 18). As such, "[t]he decision of whether Defendants actually initiated the XOL Program to induce referrals or did so solely to protect themselves should be left to the fact-finder." (*Id.*). Defendants will have ample opportunity to cross-examine Relator both during his deposition and at trial regarding the 1998 email. It is for the jury to weigh that evidence against Relator's testimony and other evidence regarding Defendants' intent regarding the XOL Program.[3] Accordingly, Defendants' Motion must be denied.

**II.     Additional Evidence Supports the Court's Conclusion that an Issue of Material Facts Exists on the Issue of Defendants' Intent to Induce Referrals.**

As the Court held in its prior Order, Relator has already come forward with sufficient evidence regarding Defendants' intent to induce referrals through the XOL Program to create an issue of material fact and defeat summary judgment. (Doc. 70 at 18). Nevertheless, since that time, Relator has discovered additional documentary evidence that further supports his testimony regarding Defendants' intent to induce referrals through the XOL Program. That evidence consists of the following:

---

[3] Defendants also highlight depositions taken of certain former executives of VBMC, including Beverly Ferrell and James Springfield, wherein they testified that the intent of the XOL Program was not to induce referrals. (Mot. at 10 – 11). But this testimony does not extinguish Relator's testimony to the contrary. Here again, Defendants improperly ask the Court to weigh the evidence. In any event, it is not surprising that these witnesses would deny violating federal criminal law. Further, despite repeated requests, Defendants so far have refused to produce Ben McKibbens and current corporate representatives for deposition. As such, Relator recently filed his Motion to Compel. (Doc. 107).

- Meeting minutes dated July 13, 1993 from VBMC Insurance and Claims Management Committee Board of Trustees, stating that as a result of the XOL Program "the medical center will be provided benefits in regard to *physician retention, recruitment*, collaboration and more physician involvement in risk management. The medical center will also incur increased premium expenses and in increase in assumption of risk for the coinsurance and deductibles . . . ." (Ex. C (emphasis added)).

- Meeting minutes dated July 16, 1993 from VBMC Special Meeting regarding Physician's Liability Insurance Proposal, stating that the XOL Program "does not cover physicians at other hospitals" [i.e., physicians have to bring their patients to VBMC to be covered by this increased free insurance], "may result in *additional physicians becoming active staff members*", and that "additional ER Pool Physicians should *result in better recruiting*." (Ex. D (emphasis added)).

- VBMC Medical Staff Development Update dated April 22, 2002, graphically showing the ever-increasing patient discharges for VBMC from 1995-2000 (years during XOL Plan's existence); the ever-increasing number of VBMC physicians from 1992 through 2002, and the net changes by year; and the ever-increasing patient and inpatient numbers from 1997 through 2001. (Ex. E at 10-12, 22).

In addition, Relator's damages expert, Paul C. Benoit, includes a table in his expert report showing the vast increase in VBMC physicians subsequent to the implementation of the XOL Program, from 1994 through 2003. (Ex. F at 16, Table 1). All of this evidence directly ties in and supports Relator's testimony regarding Defendants' intent to induce referrals through the XOL Program.

Citing *Polk County v. Peters*, 800 F. Supp. 1451, 1454 (E.D. Tex. 1992), Defendants argue that physician recruitment and retention, in and of itself, does not satisfy the requisite intent to induce referrals. (Mot. at 12-13). While in a vacuum this may be true, such facts do constitute strong circumstantial evidence that Defendants' intent implementing the XOL Program was to induce referrals. *See Pogue*, 565 F. Supp. 2d at 162. Quite logically, more recruited and retained physicians means more referrals to VBMC. Further, Defendants claim that *Polk*, "provides an example of what Relator must show to *prove* that physician recruitment or retention violates the AKS." (Mot. at

7

12 (emphasis added)).  Although Relator disagrees with the premise of that statement, it is irrelevant for purposes of summary judgment because Relator is not required to prove his case at this stage.  Defendants' slip of the pen in this regard further illustrates their improper attempt to have the Court play the role of the fact-finder and weigh the evidence.

Accordingly, as the Court previously had held even absent such additional evidence, "Relator has presented sufficient evidence to survive the summary judgment motion as to the AKS-based claims."  (Doc. 70 at 18).  Defendants' Motion, therefore, must be denied.

## CONCLUSION AND PRAYER

WHEREFORE, Plaintiff requests that Defendants' Motion be denied, and that Plaintiff be granted such other and further relief to which he may be justly entitled.

Respectfully submitted,

WATTS GUERRA LLP
300 Convent Street, Suite 100
San Antonio, Texas 78205
210.527.0500 - Telephone
210.527.0501 - Fax


By:     /s/ - Edward W. Allred
        Edward W. Allred
        State Bar No. 50511764
        Mikal C. Watts
        State Bar No. 20981820
        Francisco Guerra, IV.
        State Bar No. 00797784

*And*

        CHAVES, OBREGON & PERALES, L.L.P.
        Frost Bank Plaza
        802 N. Carancahua, Suite 2100
        Corpus Christi, Texas 78401
        361.884.5400 - Telephone
        361. 884.5401 - Fax

        Rene L. Obregon
        State Bar No. 24005445

        ATTORNEYS FOR PLAINTIFF UNITED STATES OF AMERICA, EX REL. MICHAEL N. SWETNAM, JR.

### CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing document was served on the following attorneys of record in accordance with the Federal Rules of Civil Procedure on this 21st day of August 2014:

| | |
|---|---|
| Mr. Christopher Paul Hanslik<br>Mr. Michel Perez<br>BOYAR & MILLER PC<br>4265 San Felipe, Suite 1200<br>Houston, Texas 77027<br>*Attorneys for Defendants* | *Via Electronic Filing* |
| Andrew A. Bobb<br>Assistant United States Attorney<br>Southern District of Texas<br>P O Box 61129<br>Houston, Texas 77208<br>*Attorneys for The United States of America* | *Via Electronic Filing* |
| Jon Katz<br>Joyce Branda<br>Department of Justice – Civil Division<br>Ben Franklin Station<br>P O Box 261<br>Washington, DC 20044<br>*Attorneys for The United States of America* | *Via Electronic Filing* |

          /s/ - Edward W. Allred