IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, EX REL. MICHAEL N. SWETNAM, JR., <br><br> Plaintiff, <br><br> v. <br><br> VALLEY BAPTIST HEALTH SYSTEM and VALLEY BAPTIST MEDICAL CENTER <br><br> Defendants. | § § § § § § § § § § § § § § § |

CIVIL ACTION NO. 1:08-CV-446

### DEFENDANTS' MOTION FOR PROTECTION AND MEMORANDUM IN RESPONSE TO PLAINTIFF'S MOTION TO COMPEL DEFENDANTS TO PRODUCE DOCUMENTS AND DEPOSITION WITNESSES

Defendants, Valley Baptist Health System and Valley Baptist Medical Center (collectively, "Defendants"), file this Motion for Protection and Memorandum in Response to Relator's Motion to Compel Defendants to Produce Documents and Deposition Witnesses (Doc. 107) (the "Motion") and in support thereof would show the Court as follows:

### I. SUMMARY OF THE RESPONSE

1. The Court should deny Relator's Motion because the requested relief is no longer necessary. That is, Defendants agree to and will produce any alleged missing pages identified by Relator, subject to redactions based on Defendants' objections to the applicable request for production. In addition, Defendants have agreed to produce specifically identified deponents but have not determined available dates and have otherwise provided deposition dates for its designated expert witnesses and corporate representatives, subject to certain limitations and clarifications on the corporate representative topics in Relator's notice of deposition. In fact, as of the filing of this Response, Relator has noticed for deposition, by mutual agreement, three of

Defendants' corporate representatives on fourteen topics and Defendants' two designated experts. Defendants are working to provide Relator with dates for the remaining requested depositions—a fact witness and other corporate representatives on topics limited by Defendants.

## II.     ARGUMENTS AND AUTHORITIES

### A.  Standard

2.     Discovery may be obtained about any matter that is not privileged and that is relevant to the subject matter of the case. FED. R. CIV. P. 26(b)(1). Information is discoverable if it appears "reasonably calculated to lead to the discovery of admissible evidence." *Id.*

3.     A motion to compel discovery may be granted only if (1) a deponent did not answer a question asked under Federal Rule of Civil Procedure 30 or 31, (2) a corporation or other entity did not designate an organizational representative under Rule 30(b)(6) or 31(a)(4), (3) a party did not answer an interrogatory submitted under Rule 33, or (4) a party did not respond or permit inspection under Rule 34. FED. R. CIV. P. 37(a)(3)(B).

### B.  The Court should deny Relator's Motion because Relator's requested relief is no longer necessary.

4.     In his Motion, Relator raises two arguments: (1) Defendants did not produce to Relator certain pages from minutes of meetings; and (2) Defendants had not provided to Relator deposition dates for Mr. Ben McKibbons, Defendants' corporate representatives, and designated expert witnesses. However, as is described below, Defendants have agreed to produce, subject to redactions based on their timely objections to the applicable request, all the documents identified by Relator that they have been able to locate. In addition, Defendants have provided Relator with deposition dates for its corporate representatives on certain topics and expert witnesses. Defendants are working to provide Relator with deposition dates for Mr. McKibbons and corporate representatives on other topics.

> i.  *Defendants compiled with the Federal Rules of Civil Procedure and have agreed to produce to Relator the additional documents Relator requested, subject to the right to redact information to which Defendants timely objected.*

5. With respect to Relator's request for certain additional documents, the Court should deny Relator's Motion because Defendants have complied with the Federal Rules of Civil Procedure in properly responding to Relator's requests for production. In his Motion, Relator seeks additional pages from Defendants' board meeting minutes which were previously redacted based on objections to the overly broad nature of Relator's requests and to the extent the requests sought privileged information. *See* Exhibit A, Defendants' Amended Objections and Responses to Relator's Second Requests for Production at No. 7.

6. It should be noted that Relator never specifically requested Defendants' complete board meeting minutes. *See id.* To the extent any board meeting minutes are responsive to Relator's requests, they would possibly be responsive only to Request No. 7 in Relator's Second Set of Requests for Production. That request asks for "[a]ll documents and communications between you and any other person or entity relating to the XOL Program from January 1, 1998 until the present." *Id.* Defendants generously produced relevant portions of board meeting minutes from 1988 to 2004, subject to timely objections on the basis that the request was vague, ambiguous, and overly broad, as well as general objections based on attorney-client and work product privileges. Subject to Defendants' objections and privileges, Defendants intend to produce to Relator any alleged missing pages of the specified board meeting minutes, subject to reserving the right to redact any portions of the minutes that would be privileged or otherwise not subject to discovery. Therefore, Relator's request to compel such alleged missing pages is moot.

> ii. *Defendants agreed to produce its designated expert witnesses and certain corporate representatives on certain topics and are working to provide Relator with deposition dates for other witnesses and corporate representatives.*

7. The Court should deny Relator's Motion as to deposition witnesses because Defendants have provided deposition dates for its two designated expert witnesses and corporate representatives on certain topics identified by Relator. Defendants are in the process of providing deposition dates for Mr. McKibbons and other corporate representatives, subject the limitations identified by Defendants. That is, on August 25, 2014, Defendants' counsel informed Relator's counsel of Defendants' objections to the corporate representative topics Relator identified. *See* Exhibit B. Specifically, with respect to topics numbered 1, 2, 4, 6, 12 and 34, Defendants informed Relator that:

> These topics seek corporate representative testimony relating to UB-92 Forms, Annual Cost Reports, and more generally the funds Valley Baptist received from Medicare and Medicaid. As a preliminary matter, we would object to producing a witness to testify on an annual and quarterly basis as set forth in certain of these topics. We would also object to the time period of 1990 – 2008 (or no limit to the time period at all) as it seeks corporate representative testimony well outside of the relevant damages period. Further, as you know from earlier correspondence, Valley Baptist does not have copies of the actual UB-92 Forms from the relevant damages period. However, Valley Baptist does have and has produced in this lawsuit the Annual Cost Report and other records reflecting the payments Valley Baptist received from Medicare and Medicaid during the relevant damages period. Based on that production, Valley Baptist will present a corporate representative to testify on the number of claims submitted to Medicare and Medicaid and the payments received by Valley Baptist from Medicare and Medicaid during the relevant damages period of October 2002 through April 2003. If you disagree with this limitation on the corporate representative testimony under these topics, please let us know and we will move forward with filing an objection and motion for protection.

With respect to topics numbered 3 and 5, Defendants informed Relator that:

> These topics seek corporate representative testimony relating to UB-92 Forms submitted by physicians as opposed to Valley Baptist. As you know from earlier discovery responses, Valley Baptist does not have records or knowledge of the UB-92 Forms submitted by physicians that performed services at Valley Baptist. As such, Valley Baptist cannot present a corporate representative to testify as to topic nos. 3 or 5. As such, we would request that you withdraw these topics.

With respect to topics numbered 7 and 8, Defendants informed Relator that:

> These topics seek corporate representative testimony on the average tenure and the number of physicians at Valley Baptist before, during, and after the XOL program. Valley Baptist produced physician lists by year for the period of the XOL Program. Beyond these lists, Valley Baptist does not keep information on the "average tenure" of physicians, but any particular physicians time at Valley Baptist can be discerned from the physician lists produced. Additionally, Valley Baptist produced documents listing the Medicare and Medicaid patients during the relevant damages period and identifying the physicians connected with those patients. As such, Valley Baptist can produce a corporate representative to testify relating to the physician lists, but that would seem to be a bit redundant. We would ask that you withdraw this topic or provide some clarification as to nature of the testimony you are seeking under this topic so we can evaluate an appropriate corporate representative.

With respect to topics numbered 9, 10, 11, 27 and 28, Defendants informed Relator that:

> Generally stated, these topics seek corporate representative testimony regarding the "cost" of the XOL program, the amount Valley Baptist paid into the XOL program, and the "fair market value" of the coverage under XOL. Valley Baptist would not have a corporate representative to testify as to "fair market value." I would point out that Dr. Six testified that he paid more in 1993 for his coverage of $200,000/$600,000 than he had paid in 1992 for his coverage of $500,000/$1,000,000. Valley Baptist will produce a corporate representative to testify regarding the premiums paid in relation to the XOL coverage and the amount paid into the trust. However, if you are seeking corporate representative testimony on areas beyond the premiums paid and the amount paid into the trust, we would ask for clarification so we can evaluate an appropriate corporate representative.

With respect to topic number 13, Defendants informed Relator that:

> James Springfield was presented for deposition a couple of weeks ago and he testified multiple times regarding the reason for terminating the XOL Program. His testimony is Valley Baptist's corporate representative testimony on this issue and he will not be produced again to restate the reasons for termination.

With respect to topics numbered 14 and 33, Defendants informed Relator that:

> These topics make a vague reference to "local market share," but it is unclear what corporate representative testimony you are seeking. If this is seeking some comparison between the amount of Medicare and Medicaid business that Valley Baptist received in relation to what other area hospitals received during the years of the XOL Program, I have not confirmed whether Valley Baptist has that information or not. To the extent this requests seeks information relating to the amount of funds Valley Baptist received, that testimony will come from the corporate representative designated under Topic Nos. 1, 2, 4, 6, 12, and 34. If we are able to locate a witness with knowledge of what other area hospitals received during the years of the XOL Program, we will let you know.

With respect to topics numbered 15 and 16, Defendants informed Relator that:

> These topics seek corporate representative testimony relating to the level of insurance coverage required for physicians at Valley Baptist and the method of determining that amount for the time period from 1990 through 2008. As a preliminary matter, the time period is overbroad and there is no basis to go beyond the time of termination of the XOL program. Further, and as it relates to the time period prior to and during the XOL program, the meeting minutes and correspondence produced in this matter reflect the insurance levels. Valley Baptist can produce a witness to testify based on what is reflected in the minutes and correspondence. However, this seems to be unnecessary. If you are seeking corporate representative testimony relating to the insurance levels beyond what is reflected in the minutes, correspondence, and other documents produced in this matter, please provide additional clarification. I anticipate that the corporate representative on these topics will be Ben McKibbens, and we do not yet have proposed deposition dates.

With respect to topics numbered 17 and 18, Defendants informed Relator that:

> These topics seek corporate representative testimony regarding insurance limits at other area hospitals. To the extent Valley Baptist has corporate knowledge of the insurance limits at other area hospitals during the XOL period, we will produce a corporate representative.

With respect to topic number 19, Defendants informed Relator that:

> We can probably stipulate to the hospitals that went out of business from 1993 to present. Do you have a list?

With respect to topic number 20, Defendants informed Relator that:

> We object to this topic on the grounds that it assumes facts not in evidence or otherwise assume the truth of disputed facts. We further object in that it is vague and ambiguous. This topic seems to seek corporate representative testimony on "threats" by physician groups "to move their patients to different hospitals." To the extent we have knowledge of such threats we will produce a corporate representative on this topic. At this point, I do not believe we have a witness with knowledge of this topic.

With respect to topics numbered 21 and 23, Defendants informed Relator that:

> We object to this topic on the grounds that it assumes facts not in evidence or otherwise assume the truth of disputed facts. We further object in that it is vague and ambiguous. As you know, Valley Baptist's position is very clear—the XOL program was not tied to or based on patient referrals. In fact, the evidence in this case supports that conclusion. We would ask that you withdraw this topic or we will move forward with filing an objection and motion for protection.

With respect to topic number 22, Defendants informed Relator that:

> This topic seeks corporate representative testimony on use of the XOL program to recruit physicians. We object to this topic on the same grounds as Topic Nos. 21 and 23. However, we can produce a witness with knowledge of Valley Baptist's physician recruiting efforts during the XOL program. Please confirm that you are in agreement with this clarification.

With respect to topic number 24, Defendants informed Relator that:

> This topic seeks corporate representative testimony on use of the XOL program to recruit physicians. We object to this topic on the same grounds as Topic Nos. 21 and 23. However, we can produce a witness with knowledge of Valley Baptist's physician recruiting efforts during the XOL program. Please confirm that you are in agreement with this clarification.

With respect to topics numbered 25 and 26, Defendants informed Relator that:

> These topics seem to seek information regarding claims made on the XOL trust. Beyond this, the topic is vague and fails to identify with sufficient particularity the information sought from the corporate representative. We can produce a corporate representative to confirm the number of claims made on XOL and the amount of those claims. Please confirm that this is the corporate representative testimony sought by these topics. Again this is a point that we may very well be able to stipulate. To the extent you believe you need a corporate representative on these topics, we can make a representative available but I do not yet know who we will designate on this topic.

With respect to topics numbered 29 and 30, Defendants informed Relator that:

> We will produce a corporate representative for the period where annual net patient service revenue is available and has been produced in this matter.

With respect to topics numbered 31 and 32, Defendants informed Relator that:

> These topics again seek corporate representative testimony regarding the funds Valley Baptist received from Medicare and Medicaid. We would object to these two topics on the grounds they are duplicative of Topic Nos. 1, 2, 4, 6, and 12. As I stated above relative to Topic Nos. 1, 2, 4, 6, and 12, Valley Baptist will present a corporate representative to testify on the number of claims submitted to Medicare and Medicaid and the payments received by Valley Baptist from Medicare and Medicaid during the relevant damages period of October 2012 through April 2013. If you disagree with this limitation on the corporate representative testimony under these topics, please let us know and we will move forward with filing an objection and motion for protection.

With respect to topics numbered 35, 36 and 37, Defendants informed Relator that:

> These topics seek corporate representative testimony relating to the information Valley Baptist submitted with its UB-92 Forms. Again, as we stated above, Valley Baptist does not have copies of the actual UB-92 Forms from the relevant damages period. However, Valley Baptist will present a corporate representative to testify regarding the documents and information provided with the UB-92 Forms submitted. I anticipate the representative on this topic will be a former employee, and we have not yet secured deposition dates.

With respect to topic number 38, Defendants informed Relator that:

> This topic seeks corporate representative testimony relating to Valley Baptist's Medicare Participating Physician or Supplier Agreement for the period 1990 through present. We would object to the time period stated in this topic. There is no basis to require corporate representative testimony on this topic over that period of time. A reasonable period of time would be the relevant damages period as defined above. If you are agreeable to this limitation, Valley Baptist will present a corporate representative to testify in regards to the Medicare Participating Physician or Supplier Agreement during the relevant damages period as defined above. Again, I anticipate the representative on this topic will be a former employee, and we have not yet secured deposition dates.

*Id.*

8. On the same day that Defendants informed Relator of the issues and objections concerning Relator's corporate representative topics, Defendants' counsel provided to Relator potential deposition dates for each of the corporate representatives Defendants identified, subject to the limitations and clarifications specified in Exhibit B, as well as potential deposition dates for Defendants' two designated expert witnesses. *See* Exhibit C. On September 3, 2014, Defendants confirmed to Relator the identities of those corporate representatives who would testify subject to the limitations and clarifications Defendants specified. Relator noticed those corporate representative depositions based on Defendants' limitations and clarifications. Further, Relator has not objected to Defendants' specified limitations and clarifications concerning Relator's corporate representative topics. In addition, for the remaining corporate representative topics, Defendants will provide corporate representatives subject to their limitations and clarifications. Defendants anticipate providing Relator with potential deposition dates for Mr. McKibbons in the next fourteen days. Based on the foregoing, Relator's request to for deposition dates for these individuals is moot.

### III. CONCLUSION AND PRAYER

For the reasons set forth in this Response, Defendants, Valley Baptist Health System and Valley Baptist Medical Center, respectfully request the Court deny Relator's Motion and grant them protection with respect to the limitations and clarifications specified concerning Relator's corporate representative topics. Defendants also request such other and further relief as to which they may be entitled.

[signature on following page]

Respectfully submitted,

**BOYARMILLER**

By:   */s/ Matthew S. Veech*
　　　Chris Hanslik
　　　Federal Id. No. 19249
　　　State Bar No. 00793895
　　　4265 San Felipe Road, Suite 1200
　　　Houston, Texas 77027
　　　(713) 850-7766 (telephone)
　　　(713) 552-1758 (facsimile)
　　　Email: chanslik@boyarmiller.com

ATTORNEY-IN-CHARGE FOR
DEFENDANTS VALLEY BAPTIST
HEALTH SYSTEM AND VALLEY
BAPTIST MEDICAL CENTER

OF COUNSEL:
Edgar Saldivar
Federal I.D. No. 618958
State Bar No. 24038188
BOYARMILLER
4265 San Felipe Road, Suite 1200
Houston, Texas 77027
(713) 850-7766 (telephone)
(713) 552-1758 (facsimile)
Email: esaldivar@boyarmiller.com

Donald H. Romano
Foley & Lardner, LLP
D.C. Bar No. 991132
3000 K Street NW, Suite 600
Washington, DC 20007-5109
(202) 945-6119 (telephone)
(202) 672-5399 (facsimile)
Email: DRomano@Foley.com

LOCAL COUNSEL:
Benigno (Trey) Martinez
Law Office of Benigno (Trey) Martinez
State Bar No. 00797011
1201 E. Van Buren
Brownsville, Texas 78520
(956) 546-7159 (telephone)

(956) 544-0602 (facsimile)
Email: Trey@martinezybarrera.com

## CERTIFICATE OF SERVICE

    I hereby certify that a true and correct copy of the foregoing was served via ECF on this the 4th day of September, 2014 to:

Edward W. Allred
Francisco Guerra, IV
Mikal C. Watts
WATTS, GUERRA CRAFT LLP
300 Convent Street, Suite 100
San Antonio, TX 78205

*Attorneys for Relator*
*Michael N. Swetnam, Jr.*

                                                  */s/ Matthew S. Veech*
                                                    Matthew S. Veech