# EXHIBIT "1"

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, EX REL. MICHAEL N. SWETNAM, JR., | § § § § § § § § § § § § § § | |
| Plaintiff, | | |
| VS. | | CASE NO. 1:08-CV-446 |
| VALLEY BAPTIST HEALTH SYSTEM AND VALLEY BAPTIST MEDICAL CENTER, | | |
| Defendants. | | |

**PLAINTIFF'S REPLY TO DEFENDANTS' MOTION FOR PROTECTION AND MEMORANDUM IN RESPONSE TO PLAINITFF'S MOTION TO COMPEL DEFENDANTS TO PRODUCE DOCUMENTS AND DEPOSITION WITNESSES**

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

Plaintiff files this *Reply to Defendants' Motion for Protection and Memorandum in Response to Plaintiff's Motion to Compel Defendants to Produce Documents and Deposition Witnesses*, and respectfully requests this Court to compel Defendants VALLEY BAPTIST HEALTH SYSTEM and VALLEY BAPTIST MEDICAL CENTER to produce incomplete documents, and witnesses further described herein.  This Reply is being filed to identify the discovery items that are still in dispute.  After the filing of Plaintiff's Motion to Compel, the parties were able to resolve all discovery disputes except for the items contained in this Reply.  Consequently, only the items discussed in the Reply require the Court's attention.

# I.
## SUMMARY OF THE REPLY

1.  The Court should grant Plaintiff's Motion to Compel, because the requested relief is still necessary on several issues raised. Although counsel for Defendants repeatedly state they "agree to and will produce any alleged missing pages...," the fact remains that Plaintiff has been waiting since June 23, 2014 for Defendants to produce the twenty-nine (29) complete documents identified in Exhibit "A" of Plaintiff's Motion to Compel [Doc #107-1]. Defendants attempt to explain the production of these incomplete documents with the assertion of various privileges. To date, Plaintiff has not been given the courtesy of a privilege log. In lieu of Defendants "redacting" any privileged information and producing a privilege log, entire pages were just removed from the production with no explanation.

2.  Also, Plaintiff has been requesting the deposition of Ben McKibbons since November of 2013 as indicated in Exhibit "E" of Plaintiff's Motion to Compel [Doc #107-5]. Still as of the filing of this reply, Plaintiff has not been provided one date for the deposition of Ben McKibbons. In fact, as recent as August 25, 2014, counsel for Defendants state, "{W}e continue to work on securing a date for the deposition of Mr. McKibbons." *See the August 25, 2014 2-Page Letter attached hereto as Exhibit "A."* – Either Plaintiff should be able to depose this former CEO of the Defendants or Defendants should be barred from calling this witness at trial.

3.  Plaintiff has also been requesting dates for Defendants' corporate representatives on various topics since November of 2013, as indicated in Exhibit "E" of Plaintiff's Motion to Compel [Doc #107-5]. Although depositions of some of Defendants' corporate representatives have been scheduled, in Defendants' August 25,

2014 letter, counsel claim to be "working to locate a corporate representative, if any," on the following topics, but to date have not provided any availability:

- (17) The amount of medical malpractice insurance coverage required for physicians by hospitals and medical treatment facilities competing with the Defendants from 1990 through 2004;
- (18) The amount of physician professional liability insurance limits that other area hospitals required the physicians on their medical staffs to maintain;
- (20) All physician group's contemplation or threats to move their patients to different hospitals that required lower physician medical professional liability insurance limits of liability, from 1990 through 2008;
- (25) Each physician to whom, or on whose behalf, any benefit was paid by the Trust or the physician excess of loss self-insurance program as a result of a claim made by, through, or under any patient. Included in this Interrogatory is the identity of each physician, the date(s) of payment(s) made, and the amount of payment(s) made;
- (26) Each physician to whom, or on whose behalf, any benefit was paid by the Trust or the physician excess of loss self-insurance program as a result of a claim made by, through, or under any patient of each such physician, what each physician paid, performed, or otherwise provided in exchange for the payment(s) made by the Trust or the physician excess of loss self-insurance program;
- (35) The document(s) made available to the federal government to support and justify each Medicare and Medicaid claim (Forms UB-92) submitted to the federal government from 2002 through 2004;
- (36) The information provided by the Defendants requesting payments of each Medicare and Medicaid claim (Forms UB-92) submitted to the federal government from 2002 through 2004;
- (37) The form and content of the Defendants' Medicare and Medicaid claim (Forms UB-92) submitted to the federal government from 2002 through 2004; and
- (38) The Defendants' Medicare and/or Medicare Participating Physician or Supplier Agreement (or other contract or agreement of any other name or title entitling the Defendants to participate in Medicaid and/or Medicare and

      to receive federal fund reimbursements for goods and/or services provided to Medicare and/or Medicaid patients) with the federal government from 1990 through present.

4. Finally, in the August 25, 2014 letter, Defendants state, "[W]e are objecting to and not producing corporate representatives" on the following topics, which are relevant and for which Plaintiff is entitled:

  (3) Number of Medicare and Medicaid claims (Forms UB-92) from physicians not participating in the XOL program on an annual basis from 1990 through 2008;
  (5) Number of Medicare and Medicaid claims (Forms UB-92) from physicians not participating in the XOL program on a quarterly basis from 1990 through 2008;
  (8) Number of physicians that referred patients to the Defendants on a quarterly and annual basis from 1990 through 2008;
  (13) All reasons why the XOL program was terminated*;
  (19) All competing hospitals that went out of business anytime from 1993 through present;
  (21) The marketing strategies Defendants used for the physician excess of loss self-insurance program to get referrals, from 1990 through 2004; and
  (23) The increase in physician/patient referrals, including Medicare and/or Medicaid referrals, directly or indirectly during, attributable to, and/or as a result of the physician excess of loss self-insurance program;

*regarding topic (13), Defendants suggest that the deposition testimony of James Springfield "is VB's testimony on that topic." Plaintiff accepts this position, so long as, either Defendants stipulate to this fact or this Court bars any other defense witness from testifying about the reasons why the XOL program was terminated.

## II.
### ARGUMENT

5. Defendants should be ordered to immediately produce the incomplete documents, deposition dates, and locations so that discovery on these topics may be conducted.

6. Alternatively, Defendants should be barred from presenting any argument, exhibit, or testimony on any of the issues described in topics where a witness

has not been provided, further identified in paragraphs 3 and 4 herein. Defendants' failure and refusal to participate in discovery on these issues should result in barring the Defendants from later proffering such argument, testimony, or other evidence at trial. Additionally, Defendants should be Ordered not to make any motion for judgment or argument to the jury about any alleged lack of evidence or exhibits on these topics that Defendants are refusing to produce to Plaintiff.

### III.
### CONCLUSION

7. Plaintiff requests this honorable Court enter an order compelling Defendants to comply with the following within thirty (30) days of this Court's order, and for such other and further relief to which Plaintiff is entitled:

    a. produce the complete documents identified in Exhibit "A" of Plaintiff's Motion to Compel;

    b. provide available dates for the deposition of Ben McKibbons;

    c. provide dates and tender corporate representative(s) on topics 3, 5, 13*, 19, 21, and 23; and

    d. provide dates and tender corporate representative(s) on topics 17, 18, 20, 25, 26, 35, 36, 37 and 38.

*subject to the proposed stipulation or court barring other witnesses.

Respectfully submitted,

WATTS GUERRA LLP
300 Convent Street, Suite 100
San Antonio, Texas 78205
210.527.0500 - Telephone
210.527.0501 - Fax

By: /s/ - Edward W. Allred
    EDWARD W. ALLRED
    State Bar No. 50511764
    MIKAL C. WATTS
    State Bar No. 20981820

        FRANCISCO GUERRA, IV.
        State Bar No. 00797784

*And*

CHAVES, OBREGON & PERALES, L.L.P.
Frost Bank Plaza
802 N. Carancahua, Suite 2100
Corpus Christi, Texas 78401
361.884.5400 - Telephone
361. 884.5401 - Fax

        Rene L. Obregon
        State Bar No.: 24005445
        Southern Bar District ID No. 33188you

ATTORNEYS FOR PLAINTIFF UNITED STATES OF AMERICA, EX REL. MICHAEL N. SWETNAM, JR.

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing document was served on the following attorneys of record in accordance with the Federal Rules of Civil Procedure on this ____ day of September, 2014:

| | |
|---|---|
| Christopher Paul Hanslik<br>Edgar Saldivar<br>Matthew S. Veech<br>BOYAR & MILLER PC<br>4265 San Felipe, Suite 1200<br>Houston, Texas 77027<br>*Attorneys for Defendants* | *Via Electronic Filing* |
| Andrew A. Bobb<br>Assistant United States Attorney<br>Southern District of Texas<br>P O Box 61129<br>Houston, Texas 77208<br>*Attorneys for The United States of America* | *Via Electronic Filing* |
| Jon Katz<br>Joyce Branda<br>Department of Justice – Civil Division<br>Ben Franklin Station<br>P O Box 261<br>Washington, DC 20044<br>*Attorneys for The United States of America*<br>210.224.9991<br>*Attorneys for Defendant W. M. Barr & Company, Inc.* | *Via Electronic Filing* |

    /s/ - Edward W. Allred
    Edward W. Allred

# EXHIBIT "A"



PRACTICE WITH PURPOSE

August 25, 2014

*Via Facsimile 210-527-0501*

Edward W. Allred
Watts Guerra Craft LLP
300 Convent Street, Suite 100
San Antonio, TX 78205

Re: Cause No. B-08-446; *United States of America, ex rel. vs. Valley Baptist Health System, et al.*

Dear Mr. Allred,

I am writing in follow up to your August 19, 2014 letter offering deposition dates, my letter of this same date regarding your corporate representative deposition topics, and our email agreement to exchange dates for depositions by August 25, 2014.

Regarding Relator and Relator's expert witnesses, we are available to those depositions on the following dates at your office in San Antonio:

1. Michael Swetnam – September 15.
2. Gary Beck – September 23.
3. Paul Benoit – September 30.

We will send deposition notices in the next few days. Please note that with respect to Mr. Swetnam's deposition, we are working to move other conflicts. As such, we may have to seek another date for his deposition.

As for the dates for Valley Baptist's experts, its corporate representatives, and Ben McKibbens, Defendants propose the following dates and locations for those depositions:

1. Jeff Compton is available on October 7, 8, or 9 at our offices in Houston.
2. Kevin McAnaney is available on October 14, 15, or 16 in Washington, D.C.
3. Valley Baptist corporate representative on topic nos. 1, 2, 4, 6, 8, 12, 14, 24, 29, 30, 31, 32, 33, and 34 is available on October 2, 3, or any date during the week of October 13. This deposition will be conducted at Valley Baptist Hospital in Harlingen. The corporate representative will be presented on these topics as clarified and limited in my August 25, 2014 correspondence.
4. The Valley Baptist corporate representative on topic no. 22 is available on October 1, 2, and 3. This deposition will be conducted at Valley Baptist Hospital in Harlingen. The corporate representative will be presented on this topic as clarified and limited in my August 25, 2014 correspondence.

August 25, 2014
Edward W. Allred
Watts Guerra Craft LLP
Page 2



5. The Valley Baptist corporate representative on topic no. 7 is available on October 1, 2, and 3 and the week of October 13. This deposition will be conducted at Valley Baptist Hospital in Harlingen. The corporate representative will be presented on this topic as clarified and limited in my August 25, 2014 correspondence.

We continue to work on securing a date for the deposition of Mr. McKibbens. We anticipate that Mr. McKibbens will also be the corporate representative on topics 15 and 16.

As you will note in my letter regarding the corporate representative topics, we will produce a witness on topic nos. 9, 10, 11, 27, and 28 as clarified and limited in my August 25, 2014 correspondence.

As you will also note in my letter regarding the corporate representative topics, we are still working to locate a corporate representative, if any, on topic nos. 17, 18, 20, 25, 26, 35, 36, 37, and 38 or otherwise needs to discuss with you the testimony you are seeking.

We are objecting to and not producing corporate representatives on topic nos. 3, 5, 8, 13, 19, 21, and 23.

Please confirm the dates for the experts and the corporate representatives. Additionally, is you want to discuss my letter regarding the corporate representative topics, please let me know.

I look forward to hearing from you.

Sincerely,

Matthew S. Veech

PRACTICE WITH PURPOSE

ESALDIVAR\002817\00091\1237129.1