UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, EX REL. MICHAEL N. SWETNAM, JR., | § § § | |
| Plaintiff, | § § | |
| VS. | § § | CASE NO. 1:08-CV-446 |
| VALLEY BAPTIST HEALTH SYSTEM AND VALLEY BAPTIST MEDICAL CENTER, | § § § § | |
| Defendants. | § § | |

**PLAINTIFF'S REPLY TO DEFENDANTS' MOTION FOR PROTECTION AND MEMORANDUM IN RESPONSE TO PLAINITFF'S MOTION TO COMPEL DEFENDANTS TO PRODUCE DOCUMENTS AND DEPOSITION WITNESSES**

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

Plaintiff files this *Reply to Defendants' Motion for Protection and Memorandum in Response to Plaintiff's Motion to Compel Defendants to Produce Documents and Deposition Witnesses*, and respectfully requests this Court to compel Defendants VALLEY BAPTIST HEALTH SYSTEM and VALLEY BAPTIST MEDICAL CENTER to produce incomplete documents, and witnesses further described herein.  This Reply is being filed to identify the discovery items that are still in dispute.  After the filing of Plaintiff's Motion to Compel, the parties were able to resolve all discovery disputes except for the items contained in this Reply.  Consequently, only the items discussed in the Reply require the Court's attention.

# I.
## SUMMARY OF THE REPLY

1.     The Court should grant Plaintiff's Motion to Compel, because the requested relief is still necessary on several issues raised.   Although counsel for Defendants repeatedly state they "agree to and will produce any alleged missing pages…," the fact remains that Plaintiff has been waiting since June 23, 2014 for Defendants to produce the twenty-nine (29) complete documents identified in Exhibit "A" of Plaintiff's Motion to Compel [Doc #107-1].   Defendants attempt to explain the production of these incomplete documents with the assertion of various privileges.   To date, Plaintiff has not been given the courtesy of a privilege log.   In lieu of Defendants "redacting" any privileged information and producing a privilege log, entire pages were just removed from the production with no explanation.

2.     Also, Plaintiff has been requesting the deposition of Ben McKibbons since November of 2013 as indicated in Exhibit "E" of Plaintiff's Motion to Compel [Doc #107-5].   Still as of the filing of this reply, Plaintiff has not been provided one date for the deposition of Ben McKibbons.   In fact, as recent as August 25, 2014, counsel for Defendants state, "{W}e continue to work on securing a date for the deposition of Mr. McKibbons."  *See the August 25, 2014 2-Page Letter attached hereto as Exhibit "A."* – Either Plaintiff should be able to depose this former CEO of the Defendants or Defendants should be barred from calling this witness at trial.

3.     Plaintiff has also been requesting dates for Defendants' corporate representatives on various topics since November of 2013, as indicated in Exhibit "E" of Plaintiff's Motion to Compel [Doc #107-5]. Although depositions of some of Defendants' corporate representatives have been scheduled, in Defendants' August 25,

2014 letter, counsel claim to be "working to locate a corporate representative, if any," on the following topics, but to date have not provided any availability:

(17)   The amount of medical malpractice insurance coverage required for physicians by hospitals and medical treatment facilities competing with the Defendants from 1990 through 2004;

(18)   The amount of physician professional liability insurance limits that other area hospitals required the physicians on their medical staffs to maintain;

(20)   All physician group's contemplation or threats to move their patients to different hospitals that required lower physician medical professional liability insurance limits of liability, from 1990 through 2008;

(25)   Each physician to whom, or on whose behalf, any benefit was paid by the Trust or the physician excess of loss self-insurance program as a result of a claim made by, through, or under any patient. Included in this Interrogatory is the identity of each physician, the date(s) of payment(s) made, and the amount of payment(s) made;

(26)   Each physician to whom, or on whose behalf, any benefit was paid by the Trust or the physician excess of loss self-insurance program as a result of a claim made by, through, or under any patient of each such physician, what each physician paid, performed, or otherwise provided in exchange for the payment(s) made by the Trust or the physician excess of loss self-insurance program;

(35)   The document(s) made available to the federal government to support and justify each Medicare and Medicaid claim (Forms UB-92) submitted to the federal government from 2002 through 2004;

(36)   The information provided by the Defendants requesting payments of each Medicare and Medicaid claim (Forms UB-92) submitted to the federal government from 2002 through 2004;

(37)   The form and content of the Defendants' Medicare and Medicaid claim (Forms UB-92) submitted to the federal government from 2002 through 2004; and

(38)   The Defendants' Medicare and/or Medicare Participating Physician or Supplier Agreement (or other contract or agreement of any other name or title entitling the Defendants to participate in Medicaid and/or Medicare and

to receive federal fund reimbursements for goods and/or services provided to Medicare and/or Medicaid patients) with the federal government from 1990 through present.

4.      Finally, in the August 25, 2014 letter, Defendants state, "[W]e are objecting to and not producing corporate representatives" on the following topics, which are relevant and for which Plaintiff is entitled:

(3)     Number of Medicare and Medicaid claims (Forms UB-92) from physicians not participating in the XOL program on an annual basis from 1990 through 2008;

(5)     Number of Medicare and Medicaid claims (Forms UB-92) from physicians not participating in the XOL program on a quarterly basis from 1990 through 2008;

(8)     Number of physicians that referred patients to the Defendants on a quarterly and annual basis from 1990 through 2008;

(13)    All reasons why the XOL program was terminated*;

(19)    All competing hospitals that went out of business anytime from 1993 through present;

(21)    The marketing strategies Defendants used for the physician excess of loss self-insurance program to get referrals, from 1990 through 2004; and

(23)    The increase in physician/patient referrals, including Medicare and/or Medicaid referrals, directly or indirectly during, attributable to, and/or as a result of the physician excess of loss self-insurance program;

*regarding topic (13), Defendants suggest that the deposition testimony of James Springfield "is VB's testimony on that topic."  Plaintiff accepts this position, so long as, either Defendants stipulate to this fact or this Court bars any other defense witness from testifying about the reasons why the XOL program was terminated.

## II.
### ARGUMENT

5.      Defendants should be ordered to immediately produce the incomplete documents, deposition dates, and locations so that discovery on these topics may be conducted.

6.      Alternatively, Defendants should be barred from presenting any argument, exhibit, or testimony on any of the issues described in topics where a witness

has not been provided, further identified in paragraphs 3 and 4 herein.  Defendants'
failure and refusal to participate in discovery on these issues should result in barring
the Defendants from later proffering such argument, testimony, or other evidence at
trial.    Additionally, Defendants  should  be  Ordered  not  to  make  any  motion  for
judgment or argument to the jury about any alleged lack of evidence or exhibits on
these topics that Defendants are refusing to produce to Plaintiff.

### III.
### CONCLUSION

7.      Plaintiff  requests  this  honorable  Court  enter  an  order  compelling
Defendants to comply with the following within thirty (30) days of this Court's order,
and for such other and further relief to which Plaintiff is entitled:

a.      produce  the  complete  documents  identified  in  Exhibit  "A"  of
Plaintiff's Motion to Compel;

b.      provide available dates for the deposition of Ben McKibbons;

c.      provide dates and tender corporate representative(s) on topics 3, 5,
13*, 19, 21, and 23; and

d.      provide dates and tender corporate representative(s) on topics 17,
18, 20, 25, 26, 35, 36, 37 and 38.

*subject to the proposed stipulation or court barring other witnesses.

Respectfully submitted,

WATTS GUERRA LLP
300 Convent Street, Suite 100
San Antonio, Texas 78205
210.527.0500 - Telephone
210.527.0501 - Fax

By:      /s/ - Edward W. Allred
EDWARD W. ALLRED
State Bar No. 50511764
MIKAL C. WATTS
State Bar No. 20981820

FRANCISCO GUERRA, IV.
State Bar No. 00797784

*And*

CHAVES, OBREGON & PERALES, L.L.P.
Frost Bank Plaza
802 N. Carancahua, Suite 2100
Corpus Christi, Texas 78401
361.884.5400 - Telephone
361. 884.5401 - Fax

Rene L. Obregon
State Bar No.:  24005445
Southern Bar District ID No. 33188you

ATTORNEYS   FOR   PLAINTIFF   UNITED
STATES OF AMERICA, EX REL. MICHAEL N.
SWETNAM, JR.

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing document was served on the following attorneys of record in accordance with the Federal Rules of Civil Procedure on this 22nd day of September, 2014:

Christopher Paul Hanslik                                    *Via Electronic Filing*
Edgar Saldivar
Matthew S. Veech
BOYAR & MILLER PC
4265 San Felipe, Suite 1200
Houston, Texas 77027
*Attorneys for Defendants*

Andrew A. Bobb                                             *Via Electronic Filing*
Assistant United States Attorney
Southern District of Texas
P O Box 61129
Houston, Texas 77208
*Attorneys for The United States of America*

Jon Katz                                                   *Via Electronic Filing*
Joyce Branda
Department of Justice – Civil Division
Ben Franklin Station
P O Box 261
Washington, DC 20044
*Attorneys for The United States of America*
210.224.9991
*Attorneys for Defendant W. M. Barr & Company, Inc.*


                                    /s/ - Edward W. Allred
                                    Edward W. Allred