# Exhibit B

Page 1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, EX REL. MICHAEL N. SWETNAM, JR. | ) ) ) |
| Plaintiff, | ) ) ) CASE NO. 1:08-CV-446 |
| VS. | ) ) |
| VALLEY BAPTIST HEALTH SYSTEM AND VALLEY BAPTIST MEDICAL CENTER | ) ) ) ) |
| Defendants. | ) |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

VIDEOTAPED ORAL DEPOSITION
OF MICHAEL N. SWETNAM
OCTOBER 28, 2014

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

ORAL DEPOSITION OF MICHAEL N. SWETNAM, produced as a witness at the instance of Defendants, and duly sworn, was taken in the above-styled and numbered cause on October 28, 2014, from 10:19 a.m. to 4:46 p.m. before Dawn Flippin, Certified Shorthand Reporter in and for the State of Texas, reported by computerized stenotype machine, at the Law Offices of Watts Guerra, LLP, 4 Dominion Drive, Building 3, Suite 100, San Antonio, Bexar County, Texas, pursuant to the Federal Rules and any provisions stated on the record or attached hereto.



```
                                                              Page 2
 1                          APPEARANCES
 2   FOR THE PLAINTIFFS:
 3   Mr. Edward L. Allred
     Watts Guerra, LLP
 4   4 Dominion Drive
     Building 3 - Suite 100
 5   San Antonio, Texas 78257
     210.527.0500
 6
     Mr. Sheldon Weisfeld
 7   Sheldon Weisfeld PC
     1401 W Polk Ave, Pharr, TX 78577
 8   McAllen, TX 78501
     956.778.4173
 9
10   FOR THE DEFENDANTS:
11   Mr. Chris Hanslick
     Boyar Miller PC
12   4265 San Felipe, Suite 1200
     Houston, Texas 77027
13   713.850.7766
14   Mr. Edgar Saldivar
     Boyar Miller PC
15   4265 San Felipe, Suite 1200
     Houston, Texas 77027
16   713.850.7766
17
     ALSO PRESENT:
18
     Michael Moore, Videographer - Magna Legal Services
19   Dawn Flippin, CSR, Court Reporter - Magna Legal Services
20
21
22
23
24
25
```



Page 3

1                              INDEX

                                                        Page
2

     STIPULATIONS                                          1
3
     APPEARANCES                                           2
4                  WITNESS:   MICHAEL N. SWETNAM
5    EXAMINATION BY:
6    Mr. Hanslick                                          6
7
8    WITNESS CHANGES/CORRECTIONS                         191
9    WITNESS SIGNATURE                                   192
10   REPORTER'S CERTIFICATE                              193
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25



```
 1
 2
 3
 4
 5
 6
 7
 8
 9
10
11
12     Q    And do you agree that when XOL was implemented in
13   1993 by Valley Baptist, it was not based upon a physician
14   referring patients into the hospital?
15     A    That was inherent in the program, but they did not
16   have to refer patients into Valley Baptist Medical Center.
17
18
19
20     Q    Would you also agree that the amount of insurance
21   coverage that XOL provided to a physician was the same
22   regardless of how many patients that doctor referred to Valley
23   Baptist?
24     A    I'm going to have to answer this this way.
25     Q    Okay.
```



1  A  The limit was the same, yes.  However, the more
2  patients that the doctor referred into or admitted into Valley
3  Baptist would increase the exposure under the XOL.
4  Q  Okay.  And by exposure, you mean the more patients
5  you see, the more likely someone might make a claim against
6  the policy?
7  A  Yes.
8  Q  But as far as the -- the level of insurance that was
9  provided to the doctor --
10 A  It was the same.
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25



```
 1
 2
 3
 4
 5
 6
 7
 8
 9
10
11
12              (Deposition Exhibit Number 78 marked).
13      Q    (By Mr. Hanslick)  Let me hand you what I've marked
14   as Exhibit 78.  Exhibit 78 is an e-mail that you sent to Patsy
15   Nichols relating to the XOL Program, correct?
16      A    Yes.
17
18
19
20
21
22
23
24
25
```



Page 152

```
 1
 2
 3
 4
 5
 6
 7
 8
 9
10
11
12
13
14
15
16       Q    Okay.  So let's go through this.  You start by
17   saying:  In response to your 5-4-98 letter to David Smith, the
18   letter concerning the inurement tax issue was reviewed and
19   provided by the accounting firm Coopers Lybrand and not your
20   firm, right?
21       A    Yes, sir.
22       Q    Because she was asking for that letter she thought
23   her firm had sent, right?
24       A    Yes, sir.
25       Q    You're setting her straight on that that she was
```



Page 153

1  wrong?
2      A    That -- that's -- from my memory, yeah, that's --
3  that she was wrong, because I mean it was Coopers Lybrand -- I
4  was told it was Coopers Lybrand who had done the tax portion
5  of it.
6      Q    Okay.  Next paragraph:  The hospital's XOL Program
7  was never based upon the physician's referral of any patient
8  to the hospital facility, right?
9      A    Yes.
10     Q    That's what you wrote?
11     A    Yes, sir.
12     Q    It was based and conditioned upon each participating
13 physician's agreement to do three items.  One, provide on-call
14 in the hospital's emergency room.  Two, to complete the
15 patient's medical records within 30 days of the patient's
16 discharge date.  And three, to participate in the hospital's
17 Q/A programs, right?
18     A    Yes, sir.
19     Q    When you wrote the first sentence of this letter to
20 Ms. Nichols that the hospital's XOL Program was never based
21 upon physician's referral of any patient to the hospital
22 facility, that was an accurate statement, wasn't it?
23     A    In part.
24     Q    What do you mean in part?
25     A    In -- in -- in part it was.  There was nothing that



Page 154

1  required a physician to refer any patient to Valley Baptist
2  for coverage B -- or the second part of the coverage, private
3  office practice.  Nothing whatsoever.
4           However, in order for the XOL coverage to
5  provide to a physician's hospital setting claim where a claim
6  from a patient occurred at the hospital, it could only be at
7  Valley Baptist.
8           So did it require the physician to refer the
9  patient to Valley Baptist?  Only in order to get the coverage
10 for the hospital claim.
11    Q    I understand.  So there --
12    A    Did it --
13    Q    I'm sorry.  Go ahead.
14    A    Did it require the physician to refer the patient
15 from his private office practice over to Valley Baptist?  No.
16 And he still got the private office practice claim, because it
17 was the physician private office practice.  So that's the
18 reason for my response.
19
20
21
22
23
24
25



Page 155

```
 1
 2
 3
 4
 5
 6
 7
 8
 9
10     Q    But there was nothing that required that the doctor
11  refer the patient to Valley Baptist versus another hospital in
12  and of itself; right?
13     A    No.
14     Q    In fact, in order to participate in the XOL Program,
15  the doctor did not have to commit to only refer to Valley
16  Baptist, right?
17     A    That's right.
18
19
20
21
22
23
24
25
```



```
                                                         Page 156
 1
 2
 3
 4
 5
 6
 7
 8
 9
10
11
12
13
14     Q    And -- and what you said is they're not required to
15   refer any patient business whatsoever to the hospital?
16     A    That's right.
17     Q    And that wasn't something -- I mean that -- that's
18   an accurate statement.  That wasn't something you were forced
19   or directed by Mr. McKibbens to write that you didn't believe,
20   right?
21     A    That was an accurate statement right there.
22
23
24
25
```



Page 157

1       A      Yes.
2       Q      And then you go on: The participating physician can
3    place or refer any patient into any medical facility and/or
4    clinical provider. The XOL Program's private office practice
5    coverages are still applicable to that physician.
6              And that's what you wrote here, and that's
7    consistent with what you and I just talked about, right?
8       A      (Witness nods head).
9       Q      What -- what part of Exhibit 78 do you believe you
10   were forced to write against your will?
11      A      I didn't -- I didn't like writing the fact that it
12   required -- didn't require referral. To me in order to get
13   the coverage, the patient had to go there and had to go to
14   Valley Baptist. And referral to me just meant putting the
15   patient in the hospital.
16      Q      I understand. But you agree with me that the -- the
17   doctor didn't have to commit to only refer to Valley Baptist
18   in order to participate in XOL, right?
19      A      He did not have -- he had -- he had to agree in
20   order to get the coverage, he had to place the patient at
21   Valley Baptist in order to get the coverage.
22      Q      Right.
23      A      The XOL coverage.
24      Q      He didn't have to agree to that; that's just how it
25   was set up. It was this insurance is available to you under



```
                                                            Page 158
 1   this program when you're seeing patients at our hospital,
 2   right?
 3              MR. ALLRED:  Objection, mischaracterizes his
 4   testimony.
 5       Q   (By Mr. Hanslick)  I mean that -- the -- the
 6   parameters of the program were -- the XOL Program -- were if
 7   you're seeing a patient at our hospital and you're -- you've
 8   signed up for the XOL, then there is additional coverage that
 9   will be afforded to you, correct?
10       A   Right.
11       Q   If you see -- if you go to another hospital, this
12   coverage won't travel with you?
13       A   That's right.
14       Q   Okay.  But the doctors did not have to commit to
15   only refer to Valley Baptist, right?
16       A   That's right.  They did not have to, but the way I
17   looked at it and the way the plan was set up, it appeared to
18   me that in order to get the coverage, they had to put them in
19   there in Valley Baptist.  In order for them to receive the XOL
20   coverage, they had to put them in Valley Baptist.
21              MR. HANSLICK:  I'm going to strike as
22   nonresponsive after that's right.
23       Q   (By Mr. Hanslick)  Okay.  We're going to look back
24   at Exhibit 58 which is your Declaration for a minute.  In
25   paragraph 36 is where you in your Declaration summarize the
```



Page 193

```
 1                  UNITED STATES DISTRICT COURT
                     SOUTHERN DISTRICT OF TEXAS
 2                       BROWNSVILLE DIVISION
 3   UNITED STATES OF AMERICA, EX      )
     REL. MICHAEL N. SWETNAM, JR.      )
 4                                     )
          Plaintiff,                   )
 5                                     )  CASE NO. 1:08-CV-446
     VS.                               )
 6                                     )
     VALLEY BAPTIST HEALTH             )
 7   SYSTEM AND VALLEY BAPTIST         )
     MEDICAL CENTER                    )
 8                                     )
          Defendants.                  )
 9
                    * * * * * * * * * * * * *
10                      REPORTER'S CERTIFICATE
                    VIDEOTAPED ORAL DEPOSITION OF
11            MICHAEL N. SWETNAM - OCTOBER 28, 2014
                    * * * * * * * * * * * * *
12
          I, Dawn Flippin, Certified Shorthand Reporter in and for
13   the State of Texas, hereby certify to the following:
14        That the witness, MICHAEL N. SWETNAM, was duly sworn by
     the officer and that the transcript of the oral deposition is
15   a true record of the testimony given by the witness;
16        That the deposition transcript was duly submitted on
     _____, 2014, to the witness for examination,
17   signature and return to me by _____, 2014;
18        That pursuant to information given to the deposition
     officer at the time said testimony was taken, the following
19   includes all counsel for all parties of record and the amount
     of time used by each party at the time of the deposition:
20
          Edward L. Allred - (0:00)
21             Attorney for Plaintiffs
22        Sheldon Weisfeld - (0:00)
               Attorney for Plaintiffs
23
          Chris Hanslick - (4:55)
24             Attorney for Defendants
25
```



Page 194

1       Edgar Saldivar - (0:00)
            Attorney for Defendants
2
        That a copy of this certificate was served on all parties
3   shown herein on _____.
4       I further certify that I am neither counsel for, related
    to, nor employed by any of the parties or attorneys in the
5   action in which this proceeding was taken, and further that I
    am not financially or otherwise interested in the outcome of
6   the action.
7       Certified to by me this _____ day of _____,
    2014.
8
9                                   Dawn Flippin
10
                                    _____
11                                  DAWN FLIPPIN, CSR #4045
                                    Expiration:  12/31/15
12
                                    MAGNA LEGAL SERVICES
13                                  (866)624-6221
                                    www.MagnaLS.com
14
15
16
17
18
19
20
21
22
23
24
25

