IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| United States of America, ex rel. Michael N. Swetnam, Jr., | § § § § | |
| *Plaintiff*, | | |
| vs. | § § | Civil Case No. 1:08-CV-446 |
| Valley Baptist Health System and Valley Baptist Medical Center, | § § § | |
| *Defendants.* | § | |

**ORDER**

Pending before the Court is Defendants' Motion for Partial Summary Judgment Regarding Relator's Claim for Certain Damages [Doc. No. 95]. After considering the motions, all responses thereto, the summary judgment evidence presented, and the applicable law, the Court finds that Defendants' Motion for Partial Summary Judgment Regarding Relator's Claim for Certain Damages should be **GRANTED in part and DENIED in part**.

In their Motion, Defendants seek a summary judgment on Relator's claim for unjust enrichment. Although it is not clear to this Court whether Relator pled a claim for unjust enrichment, it is apparent that he does not possess the standing necessary to pursue a claim under this theory of liability. The theory of unjust enrichment provides a remedy against "[a] person who is unjustly enriched at the expense of another." RESTATEMENT (THIRD) OF RESTITUTION AND UNJUST ENRICHMENT: RESTITUTION AND UNJUST ENRICHMENT § 1 (2011). To pursue a claim under this theory, the relator must demonstrate that the defendant was unjustly enriched at the relator's expense. *Id.* This is not the case herein.

In his complaint, Relator alleges that the Defendants failed to satisfy the prerequisites necessary to participate in the Medicare and Medicaid programs, and thus received government funds to which they were not entitled. However, the Defendants' allegedly unlawful receipt of government funds did not come at the expense of Relator, but rather at the expense of the federal government. Because Defendants were not enriched at the expense of Relator, Relator lacks the standing necessary to pursue a claim for unjust enrichment. Defendants' Motion for Summary Judgment is **GRANTED** in part.

The Court finds the remainder of Defendants' Motion, which seeks summary judgment regarding the methods that the Court can use to calculate the civil penalties and actual damages prescribed for violations of the False Claims Act, to be premature. *See* 31 U.S.C. § 3729(a)(1). The court overrules summary judgment on these points without prejudice, and consequently Defendants' Motion for Summary Judgment is **DENIED** in part.

SIGNED this 12th day of March, 2015.

Andrew S. Hanen
United States District Judge